ROBERT BAUER, a Minor, by Charles T. Bauer, His Guardian, Plaintiff and Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, A. J. Halliday, and Herbert Ridgedale, Defendants, and Great Northern Railway Company, a Corporation, Defendant and Appellant.

(169 N. W. 84.)

**Railway company — apprentice in machine shop — personal injury of — action for damages — contributory negligence — negligence of foremen in charge of shop — verdict against railway company — foremen parties defendant — no verdict as to them — mistrial.**

This is an action by an apprentice in a machine shop to recover damages for a personal injury resulting from his own negligence and from the alleged wrong and negligence of two foremen in charge of the shop. The verdict was against the railway company, and there was no verdict either for or against the foremen, who were parties defendant and the parties guilty of the alleged wrong. The result was a mistrial.

Opinion filed June 1, 1918. Rehearing denied September 25, 1918.

Appeal from the District Court of Ramsey County, Honorable C. W. Buttz, Judge.

Defendants appeal.

Reversed and remanded.

*Flynn & Traynor,* and *Murphy & Toner,* for appellant.

The appellant was not guilty of negligence.

"Where the relations between two parties are analogous to that of principal and agent, or principal and surety, or master and servant, the rule is that a judgment in favor of either in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other." Featherstone v. Newburg, 71 Hun, 109, 24 N. Y. Supp. 603; Warfield v. Davis, 14 B. Mon. 40; Kansas City v. Mitchner, 85 Mo. App. 36; Castle v. Noyes, 14 N. Y. 329; Emma Silver Mining Co. v. Emma Silver Min. Co. 7 Fed. 401; Doremus v. Root & Or. R. & Nav. Co. (Wash.) 63 Pac. 572; King v. Chase, 15 N. H. 9, 41 Am. Dec. 675; Ransom v. Pierre, 101 Fed. 665; Hill v. Bain, 15 R. I. 75, 23 Atl. 44; State v. Coste, 36 Mo. 437, 88 Am. Dec. 148; McKenzie v. Baltimore, etc., R. Co. 28 Md. 161; Lyon v. Stanford, 42 N. J. Eq. 411, 7 Atl. 869; Gallagher v. Moundsbille, 34 W. Va. 730,

12 S. E. 859; Faust v. Baumgartner, 113 Ind. 139, 15 N. E. 337; Schweickhardt v. St. Louis, 2 Mo. App. 571; McGinis v. Chicago, etc., R. Co. 200 Mo. 359, 98 S. W. 590; Bradley v. Rosenthal (Cal.) 97 Pac. 875; Thompson v. So. P. R. Co. 161 Pac. 21; Portland Gold Min. Co. v. Stratton's Independence, 158 Fed. 68; Young v. Rohrbough (Neb.) 129 N. W. 167; O'Brien v. American Casualty Co. (Wash.) 109 Pac. 52; Hayes v. Chicago, etc., R. Co. 218 Ill. 417, 73 N. E. 1003; Indiana N. & T. Co. v. Lippincott Co. 165 Ind. 365, 75 N. E. 649; Stevick v. N. P. R. Co. 81 Pac. 999; Morris v. N. W. etc., Co. 152 Pac. 402; Sipes v. Puget Sound, etc., Co. 102 Pac. 1057; Chicago, etc., R. Co. v. McManigal, 103 N. W. 305; Munts v. Algiers, etc., R. Co. 40 So. 688; So. R. Co. v. Harbin, 135 Ga. 125, 68 S. E. 1103.

"It is not necessary that the servant should be warned of every possible manner in which an injury may occur to him, or of risks that are as obvious to him as to the master, or which are readily discoverable by him by the use of ordinary care, with such knowledge, experience, and judgment as he actually possesses, or as the master is justified in believing him to possess." 29 Cyc. 1169.

"Servants are expected to keep their eyes open and exercise such reasonable care for their own safety as their situation permits." 4 Thomp. Neg. § 4063; Woelflen v. Lewiston, 5 Pac. 497; and cases therein cited.

There was a verdict here against the railway company, but no finding by the jury for or against the two individual codefendants by whose negligence it is claimed the injury to plaintiff occurred. These two codefendants were employees of appellant railway company, and it was upon the theory of their negligence that the verdict against the company was given. The verdict as rendered and the subsequent judgment entered thereon acquit the two employee codefendants of any and all negligence. This actually resolves itself into an acquittal of the railway company of negligence, because no negligence can be attributed to the company, unless one or both of the codefendants were negligent, and by their verdict the jury have said they were not negligent. Therefore, there is no verdict in this case upon which to base a judgment. Howard v. Johnson, 18 S. E. 132; Kinkler v. Junica, 19 S. W. 359; Gulf, etc. v. James, 10 S. W. 744; Jones v. Gimmet, 4 W. Va. 104;

Westfield v. Abernathy, 35 N. E. 399; Lawson v. Robinson, 75 Pac. 1012; Doremus v. Root, 63 Pac. 572.

But plaintiff was guilty of such negligence as to bar a recovery, in any event. If the manner in which the work is to be done is left to the servant, he cannot complain, if injured while attempting to perform the work in a way obviously dangerous, there being a safe way at hand and known to him at the time. Woelflen v. Lewiston, 95 Pac. 493; Wormell v. Co. 10 Atl. 49; Ell v. N. P. 1 N. D. 336; N. P. v. Hogan, 63 Fed. 102.

Respondent assumed the risk of fellow servants as well as the ordinary risks of his employment. This law has not been abrogated. Comp. Laws 1913, § 6107; Beleal v. R. Co. 15 N. D. 318; Gunn v. R. Co. 34 N. D. 423.

"When a minor is familiar with the machine, and its character and operation are obvious, and he is aware of and fully appreciates the danger to be apprehended from working the machine, the fact that he is a minor does not alter the general rule that the employee takes upon himself the risks which are patent and incident to the employment." Buckley v. Co. 113 N. Y. 540; Probert v. Phipps, 149 Mass. 258; Man v. Morse, 33 Pac. 283; Labatt, Mast. & S. § 1251; Derringer v. Tattey, 34 N. D. 56; Cronin v. Co. 74 Atl. 180.

*J. C. Adamson,* and *H. S. Blood,* for respondent.

The railway company should not have applied to the court and procured an order on its own motion, for judgment to be entered against it. After such proceedings, it cannot be heard to complain. The company erred in not applying to the lower court for an order dismissing the action.

"It is the universal rule that a party upon whose motion an order is made cannot appeal therefrom." 2 Cyc. 650, and cases cited.

Where a young or inexperienced servant is injured while acting in obedience to the commands of, or under the compulsion of the master, he will not be held to have assumed the risks involved in doing so unless he knew and appreciated the danger. 26 Cyc. 1221, and cases cited; Hinckley v. Harazdowsy, 133 Ill. 359, 8 L.R.A. 490, 23 Am. St. Rep. 618, 24 N. E. 421; Brazil Block Coal Co. v. Gaffney, 119 Ind. 455, 4 L.R.A. 850, 12 Am. St. Rep. 422, 21 N. E. 1102.

A servant acting under the commands or threats of his master does not assume the risk incident to the command unless the danger incurred is fully appreciated and is such that no person of ordinary prudence would consent to encounter it. 26 Cyc. 1221 and cases cited; Stephens v. Hannibal & St. J. R. Co. 96 Mo. 207, 9 Am. St. Rep. 336.

These questions are all proper ones for the jury to determine. 2 Thomp. Neg. 975; Keegan v. Kavanaugh, 62 Mo. 230.

And in all such cases, the question of plaintiff's negligence is one for the jury. East Tennessee, V. & G. R. Co. v. Duffield, 12 Lea, 63, 47 Am. Rep. 319; Louisville & N. R. Co. v. Bowler, 9 Heisk. 866; Wood, Mast. & S. 378; 2 Thomp. Neg. 974.

All facts which are proper for the jury, and which are in dispute on the trial, and which have been submitted to and determined by the jury, are not proper matters for the court to consider. Rebillard v. Soo R. Co. 216 Fed. 506.

ROBINSON, J. In this case the defendant railway company appeals from a personal injury judgment against it for $2,200. At and prior to the time of the injury the railway company was engaged in the business of running a machine shop at Devils Lake. Defendant, a young man nearing eighteen years, entered the shop as an apprentice to learn the business of a machinist. He worked in the copper-smith department over a year, then he operated a machine, facing nuts and bolts. Then he operated a planer, then he worked on a rod bench, taking out brasses and filing them down and fitting them. Then he began operating a large wheel lathe, and in cleaning it he was injured, after an apprenticeship of two months on the lathe.

The injury was the direct result of a dare-devil stunt. An attempt to clean the machine when in operation. The complaint avers that on May 27, 1916, the plaintiff was in the employ of the railway company as an apprentice machinist, working under the supervision of defendants Halliday and Ridgedale, and that in obedience to their orders the plaintiff attempted to clean the machine while it was in operation, and in so doing his feet slipped from the frame, and in attempting to save himself from falling he threw his right hand forward, and it was caught in the running gears, and the fingers and thumb of his right

40 N. D.—35.

hand crushed off. The plaintiff attempted to clean the machine while in operation, and the complaint avers that he did so at the express direction of Halliday and Ridgedale, and that they stood watching the machine at the time of the injury.

Under the statute an employer must indemnify his employee for losses occasioned by the former's want of care. § 6107. An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of any other person employed by the same employer in the same general business, unless he neglected to use ordinary care in the selection of the culpable employee. There is no charge that the railway company was negligent in the selection and employment of the other defendants or that they were not entirely competent. However, it is charged that they expressly directed the plaintiff to do the cleaning while the machine was in operation, and looked on while he did it. If that is true, the verdict should be against them and probably against the company, but the jury found against the company and failed to make any finding either for or against the other defendants. They gave a half-way verdict, which should not have been accepted as a basis of a judgment against the company or in favor of the defendants. Since the alleged negligence of the company was based on the negligence of the other defendants, it could not be liable unless they were liable. A verdict for them would have been a verdict for the company. Hence the case presents a mistrial. The verdict should not have been accepted.

The plaintiffs cite this statute. "In all actions hereinafter brought against any common carriers to recover for damages for personal injuries to an employee, . . . the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, where his contributory negligence was slight and that of the employer was gross in comparison, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. All questions of negligence and contributory negligence shall be for the jury." Laws 1907, chap. 203, § 2.

However, in running a machine shop, a farm, or a coal mine, the liability of a common carrier is precisely the same as that of any other

party doing a similar business. For reasons above stated the judgment is reversed, and the case remanded without costs to either party.

. Reversed and remanded.