HENRY WILLIAMS, *Plaintiff in Error*, v. WALKER D. HINES, AS DIRECTOR GENERAL OF RAILROADS, *Defendant in Error*.

Opinion Filed November 22, 1920.

1. Where the common law rule prevails, unmodified by statute, the weight of authority supports the holding that in an action against a principal, or master, and his agent, or servant, for damages resulting solely from the negligence of the agent, or servant, acting as such, a verdict of the jury exonerating the agent, or servant, exonerates the principal or master. They are in no sense joint tort feasors, but the basis of the liability of the principal, or master, is the well-known doctrine of *respondeat superior*.

2. Under the pleadings and the evidence in the case at bar, Sections 3148 and 3149 of the General Statutes of Florida of 1906, do not change this rule.

3. In a case brought against the Director General of Railroads, operating a railroad in the State of Florida, and a locomotive engineer, the servant of such Director General, for damages for injuries resulting to the plaintiff solely because of the negligence of such engineer in the operation of a train which is alleged to have run into the train the plaintiff was entering, no recovery can be had for other negligence than that alleged in the declaration.

4. A plaintiff is confined to the cause of action alleged in his declaration and cannot recover for any other act, or acts, of negligence than the act, or acts, alleged, and there is no presumption of negligence against one operating a railroad other than as to the act, or acts, of negligence alleged.

5. Where a jury by its verdict in an action for damages for injuries sustained brought against a master and his servant jointly, recovery thereof being based solely upon the negligent act of the servant, exonerates such servant, but finds

the master guilty, such verdict as to such master is errone-
ous, and should be set aside, or judgment for the defendant
master entered, notwithstanding such verdict.

A Writ of Error to the Court of Record for Escambia
County; C. M. Jones, Judge.

Judgment affirmed.

*John P. Stokes,* for Plaintiff in Error;

*Blount & Blount* and *Carter,* for Defendant in Error.

GIBBS, Circuit Judge.—This was an action brought by
Henry Williams, the plaintiff in error here, and hereafter
in this opinion referred to as the plaintiff, against Walker
D. Hines, as Director General of Railroads, the defendant
in error here, and hereafter in this opinion referred to as
the defendant, and one Drew Williams, the employe of
the defendant Hines. The declaration avers that in
December, 1918, in Escambia County, Florida, the Louis-
ville and Nashville Railroad was a common carrier of
passengers for hire, between the City of Pensacola, Flor-
ida, and Flomaton, Alabama, and intermediate points,
and, as such, was possessed of a certain line of railroad,
locomotives propelled by steam, and cars for transporta-
tion of passengers between said points, and was then and
there under Federal control and the defendant, W. D.
Hines is now Director General of said railroad; that, at
that time, the defendant, Drew Williams, was in the em-
ploy of said raliroad in the capacity of engineer upon one
of its locomotives drawing a train of cars over its said
line; that, at that time, when the plaintiff, Henry Wil-
liams, was a passenger upon one of defendant's said train

of cars, and while said train was standing upon defendant's said line of railroad, at the station of McDavid, in said county, the said Louisville and Nashville Railroad Company by and through its said agent, the defendant, Drew Williams, did carelessly and negligently propel another of said railroad company's locomotives and train of cars at and against the train of cars on which the plaintiff was a passenger, striking the same with great force and violence, thereby giving to plaintiff certain wounds and injuries set forth particularly in the declaration, but unnecessary to be here enumerated, wherefore the plaintiff claimed $20,000. To this declaration the defendants pleaded the general issue. At the trial the jury rendered a verdict against the defendant Hines in the sum of $4,500 with interest from date of suit and in favor of the defendant Williams. The defendant Hines filed his motion for judgment *non obstante veredicto*, upon the ground that the declaration relies for recovery against the defendant Hines solely upon the negligent act of the defendant, Drew Williams, and that the jury had found in favor of the defendant Williams. The motion was granted and judgment was entered against the plaintiff and in favor of the defendants. To this judgment the plaintiff sued out writ of error to this court.

There is but one assignment of error: "The Court erred in granting the motion of the defendant, Walker D. Hines, as Director General of Railroads, for the entry of a judgment herein in favor of the defendant, notwithstanding the verdict in favor of the plaintiff, and in entering judgment for the defendant, notwithstanding the verdict in favor of the plaintiff."

The evidence in the case, omitting that portion detailing the injuries and losses suffered by the plaintiff be-

cause of the accident, is shown in the bill of exceptions' as follows:

Plaintiff offered evidence which tended to prove that on th 8th day of December, A. D. 1918, about 30 minutes after midnight, a regular passenger train of the Louisville & Nashville Railroad was stopped upon the railway tracks at the station called McDavid, in Escambia County, Florida, about thirty miles north of Pensacola, said train being enroute from Pensacola to Flomaton, Alabama; that when said train stopped at said station for the disembarkation of passengers and the embarkation of passengers, the plaintiff, Henry Williams, having a ticket entitling him to be transported as a passenger on said train from said station of McDavid to Brewton, Alabama, boarded said train by means of certain steps, and, while upon the platform of a car, and just as he was in the act of going through the door leading into the car, the said train was struck on the rear end with great force and violence by another train of the Louisville & Nashville Railroad, coming from Pensacola and going to Flomaton, the defendant, Drew Williams, being engineer in charge of said second train; that both trains were sections of a train that was due to leave Pensacola between 10 and 11 P. M.; and on account of the heavy traffic it was cut into two sections; that as a result of the second train striking the first train with great violence, the plaintiff was thrown about twenty feet, striking against certain seats in the car and was finally thrown to the floor in a heap, injuring him.

On behalf of the defendants, evidence was offered which tended to prove that the first section of the train left Pensacola thirty-nine minutes ahead of the second section; that on the night in question a heavy fog was

prevailing; that while the usual bright electric headlight was on the second train, the engineer, Drew Williams, did not and could not see the train standing on the track at McDavid until he had gotten about sixty feet from it, and that when he discovered the presence of the first train he applied his brakes, shut off his steam, and jumped from the train; that he did not know that the first train was at McDavid, but thought it might be there and approached the station traveling at about twelve miles per hour; that no lights or other warnings were given him before reaching McDavid, that the first train was at that station, and that he did not receive any orders from the dispatcher that the first train was at McDavid, and that the first he knew of its presence was when he saw the rear end of it about sixty feet ahead of his train; that before reaching McDavid and about one-half mile therefrom, he saw ahead sixty feet a whistling post which was about five feet high and about one foot square, and was painted white and had certain numbers painted on it; that he blew for the station at this board; that the first train had been at McDavid only one minute before the arrival of the second train, and that all passengers to leave the train had not left it at the time of the collision, and that passengers were not supposed to board the train until all passengers had left that were to leave the train at that point, and that if plaintiff boarded the train he did so before he was supposed to get on it, in that he was supposed to wait until all passengers had gotten off at that point before he should have gotten on. That after the collision the conductor and flagman went through the train and interrogated the passengers as to whether they had been injured and neither of them saw plaintiff, nor did he make any complaint to them.

The court instructed the jury that this was an action by the plaintiff against the defendants for "damages for certain personal injuries which he claims he has sustained by reason of certain negligence of Drew Williams, as the agent of the Louisville & Nashville Railroad."

But a single question is presented, was the judgment for the Director General properly entered upon the verdict of the jury?

Where the common law rule prevails, unmodified by statute, the weight of authority supports the holding that in an action against a principal, or master, and his agent, or servant, for damages resulting solely from the negligence of the agent, or servant, acting as such, a verdict of the jury exonerating the agent, or servant, exonerates the principal or master. They are in no sense joint tort feasors, but the basis of the liability of the principal, or master, is the well known doctrine of respondeat superior.

The case of Hobbs v. Illinois Central Railroad Company, 171 Iowa 624, 152 N. W. Rep. 40, L. R. A. 1917E, p. 1023, is illustrative of this holding. In that case the plaintiff was one of several shippers of live stock over defendant's road who were accompanying the stock as caretakers. The caboose in which they were traveling being somewhat crowded, when they reached a station on the road they boarded a passenger train about to leave for their destination. The conductor of that train told them that they must have tickets and that their transportation on the stock train was insufficient and that they should get off and get tickets. There being no response, the conductor said, "Must I get an officer and put you off?" and then went out and returned with the defendants Core and Gressley, who were guards of the defendant company, whereupon the conductor told the

guards to put the stockmen off. In so doing the plaintiff alleges he was mistreated and injured by the guards without fault of his own. There was conflict in the evidence.

The Court, through LADD, J., says, L. R. A., text page 1026, 1027:

"It will be seen that the wrongs, if any, done to plaintiff were by the defendants, Core and Gressley, and the company is liable therefor, if at all, only (1) because of its being responsible as their superior as principal or master, they being agents or servants, or (2) because of a breach of its duty to protect passengers against the wrongs, if any, such as they committed. It may be conceded that as a carrier of passengers the company was required to exercise toward plaintiff the highest degree of care for his safety and protection, though it is doubtful whether he ever became a passenger, Ray v. Chicago & N. W. R. Co., 163 Iowa. 430, 144 N. W. Rep. 1018. But if remiss therein, and there was a breach of this duty, it was in directing Core and Gressley to commit on him the wrongs complained of. These were the only ones from which plaintiff claimed to have suffered, and if no wrongs were committed by them, then nothing remained for which the company could have been held responsible. The jury, however, returned a verdict for defendants, Core and Gressley, but against the company. The latter moved that judgment be entered in its favor because of the exoneration of the other defendants. The motion was overruled. Thereupon the company moved for a new trial, and this motion was overruled, and judgment entered on the verdict in favor of Core and Gressley and against the company. Counsel for the company contend that the exoneration of its co-defendants necessarily relieves it of all responsibility, and that there was error in assessing

against it any damages whatever. It seems impossible to avoid this conclusion. The responsibility of the company was necessarily dependent upon the culpability of its co-defendants who were the immediate actors. And yet in the same action by the same plaintiff for the same wrongs that were adjudged not culpable, and the company adjudged culpable, though it was without fault, save as responsible for the acts of its co-defendants. The trial proceeded, on the theory that it was essential in order to recover that the jury find Core and Gressley to have been employees or agents of the company. If they were such, then the company was only liable as their superior, and not because of anything it did by or through any other.

"As said in Doremus v. Root, 23 Wash. 715, 54 L. R. A. 649, 63 Pac. Rep. 574; 'Joint tort-feasors are liable to the injured person (other than that he may have but one satisfaction), as if the act causing the injury was the separate act of each of them, and they have, except in certain special cases, no right of contribution among themselves. But the defendants in this character of actions are in no sense joint tort-feasors, nor does their liability to the plaintiff rest on the same or like grounds. The act of an employee, even in legal intendment, is not the act of his employer, unless the employer either previously directs the act to be done or subsequently ratifies it. For injuries caused by the negligent act of an employee not directed or ratified by the employer the employee is liable because he committed the act which caused the injury, while the employer is liable, not as if the act was done by himself, but because of the doctrine of respondeat superior —the rule of law which holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment

and engaged in his master's business. The primary lia-
bility to answer for such an act therefore rests upon the
employee, and when the employer is compelled to answer
in damages therefor he can recover over against the em-
ployee.'

"The principle so clearly expressed has been approved
by this court in White v. International Textbook Co.,
150 Iowa 27, 129 N. W. Rep. 338, followed in Dunshee v.
Standard Oil Co., 165 Iowa 625, 146 N. W. Rep. 834, and
is sustained by the overwhelming weight of authority.
Portland Gold Min. Co. v. Stratton's Independence, 16
L. R. A. (N. S.) 677, 85 C. C. A. 393, 158 Fed. 63; Hill
v. Bain, 15 R. I. 75, 2 Am. St. Rep. 873, 23 Atl. 44; An-
derson v. Fleming, 160 Ind. 597, 66 L. R. A. 119, 67 N. E.
443; King v. Chase, 15 N. H. 9, 41 Am. Dec. 675; Gardner
v. Southern R. Co. 65 S. C. 341, 43 S. E. 816; McGinniss
v. Chicago, R. I. & P. R. Co., 200 Mo. 347, 9 L. R. A.
(N. S.) 880, 118 Am. St. Rep. 661, 98 S. W. 590, 9 Ann.
Cas. 656; Hayes v. Chicago Teleph. Co., 218 Ill. 414, 2
L. R. A. (N. S.) 764, 75 N. E. 1003; Ferguson v. Truax,
132 Wis. 478, 14 L. R. A. (N. S.) 350, 110 N. W. 395, 112
N. W. 513, 13 Ann. Cas. 1092; Muntz v. Algiers & G.
Street R. Co., 116 La. 236, 40 So. 688; Chicago, St. P. M.
& O. R. Co. v. McManigal, 73 Neb. 580, 103 N. W. 305, 107
N. W. 243.

"Where the real actor who is none the less liable per-
sonally because acting for another, is not guilty, it neces-
sarily follows that the party for whom he acted cannot
be."

And see also: Fimple v. So. Pac., 38 Cal. App. 727, 177
Pac. 871; St. L. & S. F. Ry. Co. v. Dancy, — Okla. —;
176 Pac. Rep. 209; Bauer v. Great Northern R. R.
N. D.    , 169 N. W. Rep. 84; Sparks v. A. C. L., 109 S. C.

145, 95 S. E. Rep. 344; Jones v. Southern Railway, 106 S. C. 20, 90 S. E. Rep. 183; Thompson v. So. Pac., 31 Cal. App. 567, 161 Pac. Rep. 21; N. C. & N. E. R. R. v. Jopes, 142 U. S. 18-27.

While the general rule prevailing elewhere is not questioned by the plaintiff in error, he contends that our statute law as embodied in sections 3148 and 3149 of the General Statutes of Florida very materially changes this rule in Florida as applied to the case at bar and makes the verdict rendered by the jury a proper verdict and one upon which judgment should have been entered in his favor as against the Director General.

These sections are as follows:

3148.  Liability of Railroad Company.—A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

3149.  When Recovery of Damages Forbidden.—No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him.

This law was in force in Georgia before its adoption here.

Southern Railway Company v. Harbin, 135 Ga. 122, 68 S. E. Rep. 1103, 30 L. R. A. (N. S.) 404, has been cited by counsel for the Director General. This was an action by the father for the alleged wrongful death of his son by the negligence of the railroad company and its servant, an engineer of said company. Under the allegations of negligence in the petition the only acts of negligence were committed by the engineer, who was operating the engine at the time it struck and killed the deceased. There was evidence supporting the allegations of negligence on the part of the engineer. The jury returned a verdict in favor of the plaintiff against the railway company, but in favor of the company's codefendant, the engineer. The railway company made a motion for a new trial, which was overruled. In reversing the judgment, the Georgia Court, one justice dissenting, followed the weight of authority outside of the State and quoted from the Misouri Supreme Court in the case of McGinniss v. Chicago, R. L. & P. R. Co., 200 Mo. 347, where a verdict was found exonerating the servant in an action against the master and servant for personal injuries caused by the misfeasance of the servant, as follows: "We are firmly of the opinion that in cases where the right to recover is dependent wholly upon the doctrine of respondeat superoir, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent, as was true in the case at hand, there should be no judgment against the master. The verdict in this case is a monstrosity. The jury say French was guilty of no negligence, yet, in the same breath, say the company was guilty of negligence, although nothing further was done by the company than what it did through French, its servant."

The dissenting opinion in this case has been called to our attention by counsel for the plaintiff in error, but we do not think that under the pleadings and the evidence in this case it is in point.

In Georgia the plaintiff, or petitioner, suing a railroad company is confined to the negligent act of the defendant causing him injury as alleged in his petition and he cannot recover for any other act, or acts, of negligence than the act, or acts, alleged. He is also required in such cases to specifically set out in his petition the acts of negligence he relies on for recovery. Central of Georgia Ry. Co. v. Weathers, 120 Ga. 475, 47 S. E. Rep. 956. In which case, just cited, the court says, text (S. E. Rep.) p. 957: "If there can be no recovery for acts of negligence not alleged in the petition it follows as a logical conclusion that there is no presumption of negligence against the company, other than as to acts alleged by the petition to have been negligent."

The common law method of pleading, except as changed by statute, prevails in Florida, and here a plaintiff is confined to the cause of action he has set forth in his declaration. The only negligence alleged in the declaration is the negligence of the co-defendant, Drew Williams, the engineer operating the train which ran into the train the plaintiff was entering. No recovery can be had for other negligence, Wilkinson v. Pensacola and A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Louisville and N. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84, nor is there any presumption thereof. Had the plaintiff declared generally that he was injured in the negligent operation of the defendant's trains, and in this State such general allegation would be sufficient, upon proof of sufficient acts in the operation of said trains causing

injury to the said plaintiff the statutory presumption of negligence of the defendant Director General would have arisen, and this presumption could have only been removed when the Director General had made it appear from a preponderance of the evidence that his agents had exercised all ordinary and reasonable care and diligence in the operation of his trains. The Consumers Elec. L. & St. R. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797. There was no such presumption against Drew Williams, the engineer of the train, and the co-defendant of the Director General. Where the jury, however, have all the evidence before them and there is no conflict whatever as to the acts of the engineer, it would, in the words of the judge already quoted in a similar case, be "monstrous" to say that the engineer was blameless, but his master, who was only liable because of his acts, by virtue of a mere presumption, was negligent. JUDGE SHACKLEFORD, speaking for this court, in Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, text 473, has said, "The statute does not create such a presumption as will outweigh proofs or·that will require any greater or stronger proofs than any other question at issue."

It does not appear to us from the evidence in this case that the plaintiff was negligent nor is there any plea to this effect; so that there is no question of contributory negligence.

In this case the jury, with the evidence of his acts before them, has, by its verdict, exonerated the defendant employee of all negligence. The recovery of the plaintiff being based solely on the acts of the employee, we feel that under our laws of pleading the action of the trial judge was not erroneous and that the judgment of the Court of Record should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be, and the same is hereby, affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.