Great Atlantic & Pacific Tea Company, v. Eugene L. Sawyer.

160 So. 753.
Division A.
Opinion Filed March 25, 1935.
Rehearing Denied May 3, 1935

*Kay, Adams, Ragland & Kurz, Paul W. Harvey,* and B. F. Brass, for Plaintiff in Error;

*Ray Selden,* for Defendant in Error.

PER CURIAM.—The declaration herein contained five counts; count number two was eliminated before the trial. One count charges false imprisonment and three charge slander.

The declaration begins:

"Comes now Eugene L. Sawyer by Ray Selden, his attorney, and sues the Great Atlantic & Pacific Tea Company, a corporation, and A. A. Wagner, defendants, for that:"

Then each count contains' allegations substantially as follows:

"1. That the defendant, Great Atlantic & Pacific Tea Company, a corporation duly incorporated under the laws of the State of Arizona, is duly authorized to transact business in Florida, and as said corporation, is engaged in operating and conducting numerous retail grocery stores in the City of Daytona Beach, Volusia County, Florida. Plaintiff further says that the defendant, A. A. Wagner, was at the date hereinafter set forth, and for sometime prior thereto had been, the Assistant Superintendent and the agent and employee of said Great Atlantic & Pacific Tea Company, having general supervision, management and control over all its said retail grocery stores in the City of Daytona Beach, Volusia County, Florida, * * *. That * * * the said A. A. Wagner, in discharge of his authority as Assistant Superintendent and as the agent and employee of said Great Atlantic & Pacific Tea Company, a corporation, as aforesaid, the defendant, A. A. Wagner, thereupon proceeded" etc., * * * by reason of all of which plaintiff was damaged in the sum of Ten Thousand Dollars ($10,000.00). WHEREFORE plaintiff brings this his suit and claims Ten Thousand ($10,000.00) Dollars, damages."

The defendants severally filed pleas of not guilty and also special pleas. Demurrers to and motions to strike special

pleas were filed by the plaintiff. The order of the court thereon contained the following:

"After argument of counsel for the respective parties on the demurrers and motions to strike pleas, the Court having considered the entire record, including the declaration, it is his opinion that the second count of the declaration is defective and that demurrer should be sustained thereto, and it is so ORDERED, to which ruling of the Court the Plaintiff is allowed an exception, and that the said demurrer should be overruled as to the other counts of the declaration, and it is so ORDERED, to which ruling of the Court the Defendant, the Great Atlantic and Pacific Tea Company, is allowed an exception, and

"It is further the opinion of the Court that the declaration wholly fails to state any cause of action as to the Defendant, A. A. WAGNER, as a joint tort feasor, and that said cause should be dismissed as to him, and it is so ORDERED, to which ruling of the Court the Plaintiff is allowed an exception.

"Considering the demurrers and motion to strike as addressed to the pleas of the respective parties, the Court having dismissed said cause as to the Defendant, A. A. WAGNER, the motion to strike the pleas on behalf of A. A. Wagner is granted, and said pleas stricken, to which ruling of the Court the defendant, A. A. Wagner, is allowed an exception.

"The motion to strike directed to the pleas of the defendant, Great Atlantic & Pacific Tea Company, is denied, to which ruling of the Court, the Plaintiff is allowed an exception, and

"The demurrer to the first additional plea of the Great Atlantic & Pacific Tea Company, addressed to the second, third, fourth, and fifth counts of the declaration is sus-

tained, to which ruling the Defendant, Great Atlantic & Pacific Tea Company, is allowed an exception, and

"The demurrer to the first additional plea, addressed to the third and fifth counts of the declaration is hereby sustained, to which ruling of the Court said Defendant is allowed an exception, and "That the demurrer to the first additional plea, addressed to the second and fourth counts of the Plaintiff's declaration is sustained, to which ruling of the Court said defendant is allowed an exception, and said demurrer is overruled as to all other pleas of the Great Atlantic and Pacific Tea Company."

The cause having been dismissed as to the defendant, A. A. Wagner, by the court of its own motion, at the trial the verdict assessed $5,000.00 damages against the defendant, Great Atlantic & Pacific Tea Company. Motion in arrest of judgment, for judgment *non obstante veredicto* and for new trial were denied, the latter upon condition that the plaintiff remit $2,000.00. Judgment was rendered for $3,000.00 and defendant took writ of error.

The first error assigned is the order of the court made *sua sponte* dismissing the cause as to the defendant, A. A. Wagner. The order was excepted to by the plaintiff but not by the co-defendant. As the order was upon the declaration, which is a pleading and a part of the record proper, it was not necessary that the order be excepted to by the other defendant before he could assign the order as error in the appellate court on writ of error. See Secs. 4608 (2903), 4609 (2904) C. G. L.

The declaration is in legal effect similar to that in Williams v. Hines, Director General of Railroads, 80 Fla. 690, 81 So. 695, wherein it is alleged that the plaintiff, Henry Williams, sued the "Director General of Railroads and Drew Williams;" that "the defendant, Drew Williams,

was in the employ of said railroad in the capacity of engineer upon one of its locomotives"; that the "railroad company, by and through its said agent, the defendant, Drew Williams, did negligently," etc. In the Williams v. Hines case the jury rendered a verdict for $4,500.00 damages against the Director General of Railroads, the effect of which was a verdict in favor of the other defendant, Drew Williams.

The defendant, Walker D. Hines, Director General of Railroads under the Federal law, moved the court "for a judgment *non obstante veredicto* upon the ground that the declaration relies for recovery against this defendant solely upon the negligent act of the defendant, Drew Williams, and that the jury has found in favor of the said defendant, Drew Williams."

The following judgment was rendered:

"This cause coming on to be heard upon the motion of the defendant's attorney for a judgment *non obstante veredicto,* counsel for both the plaintiff and the defendant being present.

"After argument of counsel and after consideration of the pleadings and the evidence.

"It is ordered that the motion be granted. It is, therefore, considered by the Court, that the plaintiff recover nothing by his suit and that the defendant go without day and recover his costs * * *"

"It is further considered by the Court that the defendant, Drew Williams, go hence without day and that the plaintiff take nothing by his writ."

On writ of error this court affirmed the judgment. Williams v. Hines, 80 Fla. 690, 86 So. 695.

In this case the court of its own motion dismissed the cause as to the employee defendant upon the ground that no

cause of action was alleged as against such employee defendant. Without considering now the sufficiency of the allegations as to the delicts charged in this case, the allegations as to the parties and as to the commission of the acts complained of, are as applicable to the employee defendant as to the employer defendant. This was regarded as sufficient to charge both defendants in the Williams v. Hines case; but in this case the court visited a demurrer to pleas back on the declaration and held one count to be bad and three counts to be good as against the employer defendant, though it *ex mero motu* dismissed the cause as to the employee defendant on the ground that the declaration wholly fails to state a cause of action against the employee defendant. If the declaration states a cause of action against the employer defendant, it also states a cause of action against the employee defendant, since it charges the latter with committing the acts complained of.

In dismissing the cause as to the employee defendant, the court of its motion put upon the employer defendant the burden of defending the action alone, when the employee defendant was the actor and was made a defendant to the action, the employer defendant being liable, if at all, under the doctrine of respondent superior and not as a joint tort feasor. Williams v. Hines, 80 Fla. 690, 81 So. 695.

In of its own motion dismissing the action as to the employee defendant on the ground that the declaration wholly failed to state a cause of action, and in sustaining the declaration as to the employee defendant when the declaration was as applicable to the employee as to the employer, the court erred to the injury of the employer defendant.

Reversed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

Ellis, P. J., and Terrell and Buford, J. J., concur in the opinion and judgment.