STURGIS, Chief Judge.
Chris F. Braceweil, the appellee, sued the Atlantic Coast Line Railroad Company, the *483 appellant, and L. J. Dean, the engineer-operator of its railroad train, to recover for personal injuries alleged to result from the negligent operation of appellant’s railroad train. The jury found the defendant engineer not guilty, but returned a verdict for $30,000 against the railroad company, and it appeals the judgment entered thereon.
Prior to a post-verdict amendment to the complaint, which we will discuss later, it charged in substance: that a collision occurred between an automobile operated by plaintiff and a train of the defendant railroad at the intersection of Seventeenth Street in or near the city of Ocala with the tracks of the defendant railroad; that said intersection was much used and especially dangerous because the view was restricted and obstructed; that the defendant engineer failed to have the train under control appropriate to the circumstances; and that plaintiff’s injuries were the proximate result of a careless and negligent operation of the locomotive engine by the defendant engineer, the servant and employee of the railroad company.
The defendants filed separate but identical answers to the complaint, generally denying the negligence charged and asserting that the negligence of the plaintiff was the sole proximate cause of the accident. There was no defense of contributory negligence. At the conclusion of all the testimony the defendants severally moved for a directed verdict on grounds that challenged the sufficiency of the evidence to present the issues to the jury, and these motions were denied.
After the verdicts were rendered an order was entered pursuant to rule 1.15 (b), Florida Rules of Civil Procedure, 30 F.S.A., whereby the complaint was amended so as to embrace the proposition that the alleged negligent acts for which the defendant railroad was answerable were committed by “its servants and employees, all of whom were then and there acting within the scope of their employment.” The order recites that its purpose was to conform the pleadings “to the proof adduced and issues raised upon trial,” and it had the effect of freeing the record of any obscurity that might have existed with respect to the right of the jury to consider evidence of negligence on the part of the fireman on the locomotive, one J. E. Christmas, as well as that of the engineer, defendant Dean, in arriving at its verdict.
The points on appeal raised by appellant require that we first determine whether under the pleadings and proceedings in this cause the sole issue tried by the jury on the part of the defendant railroad was that of its liability, if any, for the alleged negligence of engineer Dean and none other. Appellant insists that such was the case and that the jury’s exoneration of Dean exculpates the railroad under the authority of Williams v. Hines, 80 Fla. 690, 86 So. 695. The record, however, exclusive of the post-trial order, does not permit the issue to be so restricted.
While it is true that prior to the above-mentioned post-trial amendment to the complaint that document charged engineer Dean and none other as being the person who committed the alleged negligent acts, to look to the complaint only is to ignore the broader issues upon which this case was in fact tried. The pretrial discovery proceedings of both parties, the pretrial order governing the conduct of the trial, and the development of the evidence before the jury, as reflected by the record on appeal, unerringly combine to make it clear that the question of negligence on the part of appellant’s fireman, J. E. Christmas, who is not a party to the suit, as well as that of the defendant Dean, was part and parcel of the issues actually tried by the jury.
The major premise of appellant’s main brief is bottomed on the erroneous assumption that the alleged negligence of engineer Dean alone was involved, and that the verdict exonerating him eliminated any consideration by the jury, or by this court on the appeal, of any testimony as to neg *484 ligence on the part of fireman Christmas. Appellant’s reply brief acknowledges the error of its main brief, which is attributed to the fact that the pleader treated as correct a supposed copy of a pretrial order entered pursuant to rule 1.16, Florida Rules of Civil Procedure, which spurious paper omits the emphasized portion of the following extract from the pretrial order relating to this and two other cases involving the same accident:
“The issues as to liability in each of the three cases are the negligence of L. J. Dean as engineer and of J. E. Christmas as fireman, in the operation of a railroad train belonging to the Atlantic Coast Line Railroad * (Emphasis supplied.)
The case having been tried on the issues stated in the pretrial order, the trial judge had and properly exercised discretionary power in allowing the post-trial amendment to the complaint.
 In view of the above conclusions, the only point remaining to be determined is whether the evidence is sufficient to support the verdict against the railroad, against whom recovery is permissible under the provisions of Section 768.06, Florida Statutes, F.S.A., notwithstanding the negligence, if any, of the plaintiff. The trial court charged the jury with the law of contributory negligence as it applied to the respective defendants, and this was proper even though no defense of contributory negligence was interposed. It is elemental that as between persons as to whom the mentioned statute does not apply — the plaintiff and the defendant engineer in the case on appeal — contributory negligence on the part of the plaintiff, however, slight, operates to bar recovery. The evidence adduced in this case on behalf of plaintiff is such that the jury would have been warranted in determining that he was guilty of negligence proximately contributing to the accident.
Under F.S. Section 768.06, F.S.A., which is applicable to railroad companies only, it is well settled that if the plaintiff and the agents of the railroad company are both at fault, the former may recover, but the amount of recovery shall be such a proportion of the entire damages sustained as the defendant’s negligence bears to the combined negligence of both the plaintiff and the defendant.
We have carefully examined the transcript of the evidence presented to the jury in this cause and find that it is ample to sustain the conclusion that negligence on the part of fireman Christmas contributed to the accident. The verdicts rendered indicate and the presumption is that the jury did so conclude, and this court will not on appeal disturb those conclusions.
The case of Williams v. Hines, supra, is not in point for the reason that under the evidence in that case the co-defendant servant of the defendant railroad company was the only person to whom the negligence attributable to the railroad company was traceable, and it was held there that exoneration of the codefendant exculpated the defendant railroad company. In the case on appeal, however, the jury had the latitude of attributing the alleged negligence, in whole or in part, to a servant other than the defendant engineer, Dean; specifically, to the negligence of fireman Christmas who, as we have said, was not a party to this cause.
Affirmed.
WIGGINTON, J., and DAYTON, OR-.VIL L., Associate Judge, concur.