STURGIS, Chief Judge.
The following appeals are considered:
(1) Appeal of Atlantic Coast Line Railroad Company from an order granting a new trial on the question of damages only to Laura Frances Teuton, a minor, plaintiff below, in a negligence action brought against the railroad company and one L. J. Dean, the engineer operator of its train, to recover for personal injuries alleged have been sustained in a collision between appellant’s train and an automobile operated by one Chris F. Bracewell in which ap-pellee was riding as a passenger.
*486 (2) Appeal of Atlantic Coast Line Railroad Company from an order granting a new trial on the question of damages only to Eugene Emerson Teuton, father of Laura Frances Teuton, in his separate suit against the same defendants to recover for past and prospective expenses in the treatment of the injuries sustained by his daughter as a result of said accident, and for loss of her services and' earnings during minority.
The issues before the jury, as they relate to the appellant railroad company, were confined to the question of negligence on the part of its servant and codefendant, L. J. Dean, and of another servant, one J. E. Christmas, not a party to the suits, who was the fireman on duty when the accident occurred, and contributory negligence on the part of Miss Teuton. The Teuton suits, together with a negligence action brought against the same defendants by the operator of the automobile, Bracewell, were consolidated for trial.
Reference is had to our opinion, filed on the same date as is this opinion, in the appeal of Atlantic Coast Line Railroad Company v. Bracewell, 110 So.2d 482, for a discussion of the manner by which the issues were developed. In affirming the judgment in the Bracewell case, we held that the trial court properly charged the jury with the law of contributory negligence and its effect in actions where the plaintiff and a railroad company are both found to be negligent. We also held that under the provisions of Section 768.06, Florida Statutes, F.S.A., the evidence supported the verdict and judgment in Brace-well’s favor. We allude to that phase of our opinion in the Bracewell suit because it seemed obvious to the trial court, as it does to us, that the jury hearing the Teuton suits, along with the Bracewell suit, became confused and, in the face of evidence that did not so permit, applied the statutory comparative negligence doctrine to the Teuton suits as well as to Bracewell’s suit.
The uncontradicted testimony on behalf of Mr. Teuton, the father, is that he had laid out and expended a minimum of $741.04 for lawful expenses in the treatment of his daughter for the injuries sustained by her as a result of the accident, but the verdict was for only $429.04. This can be equated only on the premise Miss Teuton was found to be guilty of contributory negligence and the damages apportioned on the basis of the comparative negligence doctrine, which would of course be applicable if the evidence reflected any degree of negligence on her part.
The orders of the trial court granting the motions for new trial on the question of damages only severally recite that “it is apparent * * * that the jury in determining and fixing the amount of damages to be awarded' * * * apportioned the damages on the basis of the comparative negligence doctrine.” The orders further recite that “there was no evidence adduced at the trial which would show that * * * Laura Frances Teuton, who was a passenger in the automobile driven by Chris F. Bracewell, was guilty of any negligence which contributed to the accident.” We have carefully examined the record and agree that it is devoid of any showing of negligence on the part of Miss Teuton.
Rule 2.8(a), F.R.C.P., 31 F.S.A., provides that a new trial may be granted on “all or a part of the issues in an action in which there has been a trial by jury.” See Brinson v. Howard, Fla., 71 So.2d 172, and Remsberg v. Mosley, Fla., 58 So.2d 432, for such a definite affirmation of the power of the trial court to grant a new trial on the question of damages only as should cause the careful pleader to forbear assigning such action as technical error.
Affirmed.
WIGGINTON, J., and DAYTON, OR-VIL L., Associate Judge, concur.