COBB, Chief Judge.
The appellant, Michael Vah, timely appeals the grant of summary final judgment disposing of his medical malpractice action against appellees, Garner Emergency Physicians (Garner) and Halifax Hospital Medical Center (Halifax).
Vah alleged in his complaint that Garner and Halifax employed a doctor as an emergency room physician (Dr. Iris Eisenberg) who committed malpractice against him while in the scope of her employment. The appellees moved for summary judgment, contending that the statute of limitations had run for Dr. Eisenberg, and as any liability by appellees for Dr. Eisenberg’s actions would be derivative, the fact that appellant could no longer sue Dr. Eisen-berg would release them also. The trial judge agreed. We reverse.
Apparently, the lower court based its finding in this matter upon language from this court in the case of Wilhelm v. Traynor, 434 So.2d 1011 (Fla. 5th DCA 1983), review denied, 444 So.2d 418 (Fla.1984). In Wilhelm, the plaintiff filed suit against his treating physician, a consulting pathologist, and the hospital at which they practiced. Specifically, the plaintiff alleged that the defendants were negligent in their failure to diagnose and treat the plaintiff’s cancer. At issue was whether the plaintiff knew the nature of his illness more than two years prior to filing suit against the doctors and the hospital. The court concluded that as to the physician and pathologist, the statute of limitations had run. This court ruled that since the liability of the hospital was dependent upon the acts of its employee-physician, the claim against the hospital was barred as well. The court stated:
Because Orlando General Hospital was only vicariously responsible for the acts of Traynor, and he has no liability, the hospital is not liable.
Id. at 1013. Wilhelm, however, is distinguishable from the present case in that the statute had run against the doctors prior to the suit being filed. Here, the statute ran against Dr. Eisenberg after the suit was filed.
*968 Vah correctly observes that since he has the option of suing either the employer, the employee or both,[1] the holding below would destroy those options. The time of filing of the lawsuit against the appellees is the only applicable time period in this case. It is at that point in time one must look to see whether the employee, i.e., Eisenberg, was still subject to liability. In the present case, the lawsuit was filed within the statutory time frame, and thus at the time Vah filed the lawsuit against appellees, they were subject to derivative liability from Eisenberg. What happened later is irrelevant.
The appellees attempt to salvage their summary judgment on grounds other than the statute of limitation, but it is clear from the record before us that the motion below was predicated only upon that basis. The other arguments raised on appeal — indispensable party, statutory joinder under section 621.07, Florida Statutes (1983), implied “release” of Dr. Eisenberg, etc. — are patently without merit.
REVERSED.
DAUKSCH and ORFINGER, JJ., concur.

. See Atlantic Cylinder Corp. v. Hetner, 438 So.2d 922 (Fla. 1st DCA 1983), review denied, 447 So.2d 885 (Fla. 1984); Mlenak v. Roland Offsetmaschinfabrik, Faber & Schleicher, 408 So.2d 619 (Fla. 4th DCA 1981); Phillips v. Hall, 297 So.2d 136 (Fla. 1st DCA 1974).