# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2323
LT Case No. 2019-CA-4734

_____

JACOB ROE,

    Appellant,

    v.

NPC INTERNATIONAL, INC.,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
G.L. Feltel, Jr., Judge.

Dimitrios A. Peteves and Bryan S. Gowdy, of Creed & Gowdy,
P.A., Jacksonville, Fraz Ahmed and Dana Jacobs, of Coker Law,
Jacksonville, and Donald Ray Coleman, Jr. and Donald Ray
Coleman, III, of Law Offices of Coleman and Coleman,
Jacksonville, for Appellant.

Therese A. Savona, of Cole, Scott & Kissane, P.A., Orlando, for
Appellee.

January 30, 2026

SOUD, J.

    Appellant Jacob Roe appeals the summary final judgment
entered against him and in favor of Appellee NPC International,
Inc. after Roe was involved in a car-versus-bicycle accident he

contends was caused by the negligence of NPC International's employee driver during the course and scope of her employment. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We reverse the summary final judgment and remand to the trial court for further proceedings, concluding the trial court erred in relying on *Tsuji v. Fleet*, 366 So. 3d 1020 (Fla. 2023), in determining the "exoneration rule" insulated NPC International from vicarious liability.

I.

In June 2018, Roe was riding his bicycle when he was hit by a car driven by an employee of NPC International who was delivering pizzas for one of NPC International's Pizza Hut franchises. Approximately one year later, Roe filed suit against both the employee driver and against NPC International. Roe's sole claim as to NPC International was for vicarious liability for its employee driver's negligence during the course and scope of her employment.

The day before trial in September 2023, and after the statute of limitations would have run, Roe voluntarily dismissed the employee driver pursuant to Florida Rule of Civil Procedure 1.420. The case then proceeded to trial against only NPC International, but on the second day of trial, the lower court declared a mistrial and reset the case for trial in January 2024.

Approximately three months after the mistrial, NPC International moved for judgment on the pleadings arguing that since Roe voluntarily dismissed the employee driver after the statute of limitations window would have closed, the voluntary dismissal "acted as an adjudication on the merits." In its motion, NPC International relied on the Florida Supreme Court's 2023 decision in *Tsuji* in arguing that because the employee driver could no longer be found liable in light of the voluntary dismissal and the expiration of the statute of limitations, the common law "exoneration rule" precluded NPC International from being held vicariously liable for its driver's negligence. The trial court denied this motion, "read[ing] *Tsuji* to say that until a bar to Ms. Ward's liability is established in the record, be it through summary judgment or otherwise, NPC is not exonerated and is not entitled to judgment as a matter of law."

Two days later, NPC International moved for summary judgment, again relying on *Tsuji* and the "exoneration rule." Following hearing, the trial court granted summary judgment against Roe and in favor of NPC International. In doing so, the lower court concluded that the principles considered in *Tsuji* applied. "[S]ince Ms. Ward has been voluntarily dismissed from the suit by [Roe], and there is no factual dispute that the applicable statute of limitations has expired, the dismissal should, for purposes of assessing the liability of the vicarious/passive tortfeasor, be treated as an adjudication on the merits." Based on this conclusion, the trial court entered its summary final judgment.

This appeal followed.

## II.

We review de novo the trial court's summary judgment. *See Duran v. Crab Shack Acq., FL, LLC*, 384 So. 3d 821, 823 (Fla. 5th DCA 2024).

To be entitled to summary judgment, NPC International must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[A] genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for [the non-moving] party." *Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023). When deciding a motion for summary judgment, the trial court—and this Court—views the evidence in a light most favorable to the non-moving party. *See Duran*, 384 So. 3d at 824.

The parties before us do not dispute the essential facts relevant to our review. Roe alleges that while on his bicycle, he was hit by a vehicle driven by an employee of NPC International during the course and scope of her employment. Well within the statute of limitations, he filed suit against the employee driver, as well as NPC International based on vicarious liability for the negligence of its employee.

Thereafter, on the day before trial began, and after the applicable statute of limitation would have expired, Roe voluntarily dismissed the employee driver under Rule 1.420.

3

Months later, NPC International moved for summary final judgment, which was granted.

The trial court's decision—and indeed our resolution of this case—hinges upon our answer to one question: does Roe's voluntary dismissal operate as an adjudication on the merits such that *Tsuji* applies to this case and the common law "exoneration rule" precludes NPC International's vicarious liability. It does not.

### A.

An employer may be held vicariously liable for the negligent act of its employee committed during the course and scope of employment, even when the employer itself is without fault. *See Tsuji*, 366 So. 3d at 1031 (citing *Mercury Motors Exp., Inc. v. Smith*, 393 So. 2d 545, 549 (Fla. 1981)). Because in this context the employer is not a joint tort-feasor with the employee, the employer's liability depends on the employee's liability. *See id.* at 1032.

The common law's "exoneration rule" requires a plaintiff to "establish an employee's liability in a vicarious liability action against the employer. . . . If a party fails to do so, thus exonerating the employee, 'a principal cannot be held liable' either." *Tsuji*, 366 So. 3d at 1032 (citation omitted) (quoting *Bankers Multiple Line Ins. Co. v. Farish*, 464 So. 2d 530, 532 (Fla. 1985)).

This rule is not new and appears to find its Florida origins more than 105 years ago in our Supreme Court's decision in *Williams v. Hines*, 86 So. 695 (Fla. 1920). In *Williams*, a jury returned a verdict in favor of the defendant employee in the plaintiff's action seeking damages for the negligent operation of railway cars causing a collision that injured the plaintiff. *Id.* at 696. The Florida Supreme Court concluded, "a verdict of the jury exonerating the agent, or servant, exonerates the principal or master. They are in no sense joint tort-feasors, but the basis of the liability of the principal, or master, is the well-known doctrine of respondeat superior." *See id.* at 697.

For the "exoneration rule" to insulate an employer from vicarious liability, Florida law requires an "adjudication on the merits" of the underlying claim against the employee. *See Tsuji*,

366 So. 3d at 1032. A jury's verdict, such as in *Williams*, is the quintessential adjudication on the merits. The "exoneration rule" also has been applied in favor of an employer when summary judgment has been entered in the employee's favor. *See, e.g.*, *Wilhelm v. Traynor*, 434 So. 2d 1011, 1013 (Fla. 5th DCA 1983) (affirming judgment in favor of an employer hospital after a trial court granted summary judgment in favor of a defendant employee in an *untimely* medical malpractice action brought after the expiration of the statute of limitations).

In *Tsuji*, the Florida Supreme Court answered whether a plaintiff's failure to timely bring a personal injury action against a deceased defendant prior to the expiration of Florida Probate Code's two-year statute of repose[1] functioned as an adjudication on the merits such that the "exoneration rule" forbade liability of the employer. *Tsuji*, 366 So. 3d at 1031–33. In a careful and thoughtful textual analysis of the Code's language, the Florida Supreme Court determined that it did, noting that the Code's statute of repose "automatically barred" the plaintiff's untimely suit. *See id.* at 1026, 1032. "Section 733.710(1) is in that sense 'a self-executing, absolute immunity to claims filed *for the first time . . .* more than 2 years after the death of the person whose estate is undergoing probate.'" *See id.* at 1026–27 (emphasis added) (citation omitted). As a result, since the Code's "jurisdictional statute of nonclaim . . . automatically bar[ring] untimely claims[] constitutes such an adjudication . . . [the employer] is exonerated from vicarious liability." *See id.* at 1032 (internal quotation marks and citation omitted).

### B.

*Tsuji*'s holding does not extend to this case. As a result, the trial court erred in its conclusion that Roe's voluntary dismissal

---

[1] Section 733.710(1), Florida Statutes (2013), the applicable statute in *Tsuji*, provided, "[n]otwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section."

acts as an adjudication on the merits triggering the "exoneration rule" and insulating NPC International from vicarious liability.

Unlike *Tsuji*, Roe's suit against both the employee driver and NPC International was *timely*—filed approximately one year after the underlying accident and well within the statute of limitations. "The time of filing of the lawsuit . . . is the only applicable time period in this case. It is at that point in time one must look to see whether the employee . . . was still subject to liability." *Vah v. Garner Emerg. Physicians, P.A.*, 490 So. 2d 967, 968 (Fla. 5th DCA 1986). And since Roe timely filed his suit against the employee driver well within the statute of limitations, NPC International was at that time subject to vicarious liability if its employee driver acted negligently during the course and scope of her employment.[2] *See id.* "What happened later is irrelevant." *Id.*

When Roe filed his notice under Rule 1.420 dismissing the employee driver the day before jury selection, he did so expressly stating his intention that his "claims remain pending as to [NPC International]" and that "[a]ll other claims remain pending." Having timely filed suit, the voluntary dismissal of the employee driver simply does not trigger the "exoneration rule" and preclude Roe from proceeding on his claim for vicarious liability against NPC International.

By operation of the plain language of the rule, this dismissal—Roe's first—was without prejudice. *See* Fla. R. Civ. P. 1.420(a)(1) ("Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice . . . ."). The rule goes on to make clear that such a voluntary dismissal without prejudice does not act as an adjudication on the merits when done in the first instance. *See id.* Rather, such a dismissal "operates as an adjudication on the

---

[2] NPC International rightly concedes that Roe had no obligation to name the employee driver in the suit and could have proceeded against only NPC International for vicarious liability. *See Vah*, 490 So. 2d at 968 ("Vah correctly observes that . . . he has the option of suing either the employer, the employee or both . . . .").

6

merits [only] when served by a plaintiff who has once dismissed in any court an action based on or including the same claim." *Id.*

Consistent with our consideration of the language of the rule, Florida caselaw has long recognized that a voluntary dismissal under Rule 1.420 is without prejudice and does not operate as an adjudication on the merits. *See Herrell v. Universal Prop. & Cas. Ins. Co.*, 313 So. 3d 755, 756 (Fla. 2d DCA 2020) ("[W]e hold that a dismissal without prejudice after the expiration of the statute of limitations period . . . is not an adjudication on the merits."); *Gammie v. State Farm Mut. Auto. Ins. Co.*, 720 So. 2d 1163, 1164 (Fla. 3d DCA 1998) ("Although we recognize that State Farm's claim against Gammie is indeed subject to being barred in a second action due to the running of the statute of limitations period, the voluntary dismissal here was not the equivalent of a no liability adjudication on the merits as required by section 768.79."); *Makar v. Invs. Real Est. Mgmt., Inc.*, 553 So. 2d 298, 299 (Fla. 1st DCA 1989) ("A voluntary dismissal, however, is *not* a judgment on the merits.").

Further still, the Florida Supreme Court held in *JFK Medical Center, Inc. v. Price*, that a voluntary dismissal with prejudice of a timely filed claim against an active tortfeasor "is not the equivalent of an adjudication on the merits that will serve as a bar to continued litigation against the passive tortfeasor." 647 So. 2d 833, 834 (Fla. 1994). NPC International's suggestion that this holding is limited to dismissals resulting from settlement with an active tortfeasor is of no moment. Dismissal of the employee driver from Roe's timely filed suit, whether born of settlement, strategy, or otherwise, does not operate as an adjudication on the merits necessary to exonerate NPC International from vicarious liability.

III.

Because Roe timely filed suit and his voluntary dismissal pursuant to Rule 1.420(a) does not operate as an adjudication on the merits, the "exoneration rule" does not insulate NPC International from potential vicarious liability for the negligent act of its employee driver committed during the course and scope of her employment. As such, the trial court erred in relying on *Tsuji* and entering final summary judgment in favor of NPC

7

International. Accordingly, we REVERSE and REMAND this case to the trial court for further proceedings consistent with this opinion.

It is so ordered.

MAKAR and BOATWRIGHT, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————