THE WEEKS AND POTTER COMPANY, Appellant,

*vs.*

LUELLA E. ELLIOTT.

Waldo.    Opinion December 5, 1899.

*Insolvency.    Proof of Debt.    Husband and Wife.*

1.  A wife may prove a claim against the insolvent estate of her husband.
2.  *Held;* in this case, that the claim of the insolvent's wife was, under the evidence, properly admitted to proof in the court of insolvency.

ON REPORT.

The case is stated in the opinion.

*Jos. Williamson*, for appellant.

In *Blake* v. *Blake*, 64 Maine, 177, the court did say that husband and wife may not sue each other at law, but quoting 2 Story, Eq. Jur. § 1368, say that a wife may sue her husband in a court of equity and be sued by him. "It may be that while the marriage relation exists, no action of any kind," says WALTON, J. in *Carlton* v. *Carlton*, 72 Maine, 115, "can be maintained by her against her husband."

In *Wyman* v. *Whitehouse*, 80 Maine, 257, (1888) which was on a note given by a wife to her husband in the year 1853, before the passage of the statute of 1863, it was held that it could not be collected against her estate after her death. In that case PETERS, C. J., remarks, "by the implication of later statutes husband and wife may even contract with each other, though a remedy for the enforcement of contracts strictly between themselves is not available while the marriage relation exists."

The statutes concerning married women, being all in derogation of the common law, cannot properly be expanded by construction, so as to embrace cases not fairly within the scope of the language used. *Dwelly* v. *Dwelly*, 46 Maine, 377; *Lord* v. *Parker*, 3 Allen, 129.

Thus in *Knowles* v. *Hull*, 97 Mass. 206, it was held that a married woman could not underlet real estate from her husband who was the legal tenant; and the recent case of *Haggett* v. *Hurley*, 91 Maine, 542, affirming the doctrine in *Lord* v. *Parker*, holds that, as a new statute would not be construed as intending a reversal of long established principles of law and equity unless such intent unmistakably appears that the common law disabilities have not been so far removed by statute as to empower her to form a business partnership with her husband, and thereby subject her separate estate to debts contracted by the partnership. So, in *National Granite Bank* v. *Whicher*, 173 Mass. 517, the court decided that an action could not be maintained against a wife on notes signed by her, and made payable to her husband even in the name of an indorser.

In New York, where the statute expressly enables a married

woman to convey property as if unmarried, it was decided that the disability to convey to her husband was not removed, and that a deed from her to him was void. *White* v. *Wager*, 25 N. Y. 328.

The only case to be found where a wife has been authorized to prove a claim against the estate of her husband in local insolvent proceedings is that of *Oswald* v. *Hoover*, 43 Md. 360. The laws of Maryland, however, authorize a wife to sue in any action.

Under the national bankrupt law of 1867, an equitable debt was within its scope, because that court was vested with the most ample equitable powers to enable it to work out full remedies to all persons. Bump on Bankruptcy, p. 570.

No such equitable powers are given to insolvent courts in Maine, but are reserved for the supreme court. Insolvent Act, § 13.

In Massachusetts this defect existed until 1894, when it was remedied by an enactment allowing proof of equitable liabilities. Stat. Mass. 1894, c. 293. Such powers then as with us now, could only be exercised by the supreme court. *Hall* v. *Marsh*, 11 Allen, 563.

"We are by no means prepared to admit," remarks the court of Massachusetts in *Robb* v. *Mudge*, 14 Gray, 534, "that under our insolvent law equitable claims against a debtor may be proved against his estate in insolvency." The same view is taken in the case of *Blandin*, 1 Lowell, 543, which is the only case cited in the recent edition of our insolvent law that the claim of a wife was provable against her husband.

A debt of this kind, if provable at all, can not be admitted by this court until its legal status has been established by a decree in equity. Under the present liberal and expeditious modes of practice in our state a claimant of this nature could readily obtain such a decree before a final dividend was awarded.

*W. P. Thompson*, for claimant.

In contemplation of law the husband and wife are no longer one person, and their interests in property are no longer identical, but separate and independent. It never rested on rational or substantial groundwork and was long ago superseded by the more enlightened principles of civilization. *Robinson, Appellant*, 88 Maine, 17.

All the disabilities by which married women were formerly surrounded by the common law have been swept away except her right to bring an action at law against her husband. The reason for precluding husband and wife from bringing such actions against each other, is that it would be against public policy, but whatever the reason, it is of no sort of consequence in the case at bar, for the proof of the wife's claim against the estate of her husband is not an action at law, as proceedings in insolvency do not constitute an action within the provisions of the statutes. *Belfast* v. *Fogler*, 71 Maine, 403.

The insolvent debtor, by the decree of the insolvency court adjudging him to be insolvent, appointing an assignee to settle his affairs and assigning the debtor's estate to him, has been divested of all control over or interest in his estate, and neither his wife nor any other creditor can maintain an action against him.

The proceedings in insolvency are equitable and equity recognizes the separate estate and existence of married women, and with respect to such property treats her as a feme sole and she can enforce her rights in equity against her husband. *Blake* v. *Blake*, 64 Maine, 177.

The insolvent law of this state makes no distinction between married women and others, but provides in § 26, c. 70, R. S., that "any creditor may prove his claim at any time before the final dividend."

It would seem to be a strange doctrine which would allow a part of an insolvent debtor's creditors to absorb the estate at the expense of the wife whose money, which she had loaned the debtor, constituted the debtor's estate which is to be divided.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

SAVAGE, J.  Luella E. Elliott presented claims against the estate of her husband, Tilton A. Elliott, in insolvency. She claimed to be the indorsee and owner of one note for $1000, originally given by her husband to her father, A. E. Houghton, and by him indorsed to her; also the payee of another note, for $500,

VOL. XCIII.   19

given to her by her husband; also the holder and owner of a due-bill for $100. All these obligations were for money lent. These claims were admitted to proof by the judge of the court of insolvency, and the Weeks and Potter Company, a creditor, appealed.

The appellant's objections are, (1) that credit should be given on said claim for the support furnished to A. E. Houghton and wife by the insolvent debtor; and (2) that the claimant, as wife of the debtor, is not entitled to prove against the estate of her husband a claim for money lent by her to him from her separate estate, and used by him in his business.

We do not think that either objection can be sustained. The first fails for want of proof. The case shows that the claimant's father, A. E. Houghton, and his wife, had been living in the family of the debtor for some time prior to his going into insolvency, but it does not show any contract, express or implied, by which Houghton is liable for his support either to the debtor or to the claimant. The inference is rather to the contrary, taking into account the relationship of the parties, and also certain pecuniary gifts or advancements which Houghton had made to the claimant, and of which the insolvent had the use in whole or in part. Nor does the case show facts which we think should be regarded as fraudulent as to creditors within the insolvent law.

The second objection presents the question whether a wife who holds a valid indebtedness against her husband can prove the same against his estate in insolvency. We have no doubt that she can. It is not claimed here that she may not lawfully contract with her husband, or that his note to her is not valid, or that the title to his note to a third person does not pass to her by sale or gift, and indorsement. *Motley* v. *Sawyer*, 34 Maine, 540; *Webster* v. *Webster*, 58 Maine, 139; *Blake* v. *Blake*, 64 Maine, 177. But it is claimed that while the marriage relation continues, she cannot enforce her claim by proving it against his insolvent estate. At common law a wife could not maintain an action at law against her husband. And it has been held that, while the marital relation continues, her rights in this respect have not been enlarged by statute. *Smith* v. *Gorman*, 41 Maine, 405; *Crowther* v. *Crowther*,

55 Maine, 358. Her contract with her husband is not invalid, but the right to enforce it against him is suspended during coverture. But it is suspended no longer, and it is suspended only as against him. *Lane* v. *Lane*, 76 Maine, 521; *Blake* v. *Blake*, supra. The wife's administrator was allowed to recover against the husband's executor, in *Morrison* v. *Brown*, 84 Maine, 82. We see no good reason why the wife may not prove her claim against his insolvent estate. The proceeding is not against the husband, but against his estate, which is in the hands of the court for distribution. None of the reasons which weigh against suits between husband and wife are applicable in such a case. Her interests are not adverse to his. There is no controversy between them. There are no principles of public policy to be contravened by permitting her to prove her claim and share in the distribution. The statute provides that "creditors" may prove their claims. No distinction is made. And we think it is clearly the intent of the statute that all creditors shall share in the assets. See *Re Blandin*, 1 Lowell, 543, a case in point. The insolvent law has been in force for more than twenty years. During that time thousands of wives have proved claims against the estates of their husbands. If the law is as claimed by the appellant, it is certainly remarkable that the right to do so has not been challenged before this time.

The appellant has cited, and relies upon, decisions in Massachusetts to the effect that a note given by a husband to a wife cannot be collected even in the hands of a third party. This is so, because under the statute of Massachusetts, unlike our statute, husbands and wives may not contract with each other.

*Appeal dismissed with costs.*

*Decree of court of insolvency affirmed.*