MARIE WEBSTER, *Plaintiff in Error,* vs. CORA M. SNYDER, *Defendant in Error.*

138 So. 755.

En Banc.

Opinion filed January 7, 1932.

Petition for rehearing denied March 9, 1932.

*Sherman T. Taylor,* for Plaintiff in Error;

*Jackson, Dupree & Cone,* for Defendant in Error.

WHITFIELD, J.—The plaintiff married the defendant's

son who is alleged to have negligently injured the plaintiff while acting as the defendant's servant, so as to render the defendant liable in damages under the doctrine of *respondeat superior;* but such marriage does not affect the cause of action which the plaintiff has against both the defendant and her son acting as defendant's servant, for damages because of the negligent injury. The marriage of the plaintiff to the defendant's son and servant abates the plaintiff's right of action against the servant whom she married, though the marriage does not create a relation between the plaintiff and the defendant that suspends or abates the plaintiff's right of action against the defendant; nor does the marriage affect the servant's liability to his principal who is the defendant below.

If the defendant's son and servant had been duly adjudged not guilty of the alleged negligent injury to the plaintiff, the defendant would not be liable, for the reason that if the servant was not negligent his principal is not liable under the doctrine of *respondeat superior.* Williams v. Hines, 80 Fla. 690, 86 So. 695.

The marriage of the plaintiff to the defendant's servant does not determine or affect the alleged negligence of the servant in injuring the plaintiff, so the cause of action and the right of action of the plaintiff against the defendant for her servant's alleged negligent injury to the plaintiff remains until the action is terminated.

There was judgment for defendant on the pleadings and stipulation. The plaintiff took writ of error.

Reversed.

ELLIS, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., AND TERRELL, J., dissent.

BUFORD, C.J., dissenting: In this case Marie Webster sued Cora M. Snyder for damages occasioned by injury received while plaintiff was riding in the automobile of the defendant which automobile, it is alleged, was being

driven by Thomas L. Snyder, the defendant's son and servant, on the defendant's business.

The declaration was based clearly upon the doctrine of respondeat superior. At the time the accident occurred Marie Webster was a single woman but she thereafter, and before the time for the filing of pleas to the amended declaration, married Thomas L. Snyder, the son and servant of defendant, whose negligent handling of the automobile, as it is alleged, occasioned the injury.

The defendant pleaded the marriage of plaintiff to Thomas L. Snyder, the son and servant of defendant, in bar of the action. A demurrer was filed to the plea. The demurrer was overruled. Thereupon it was stipulated that the plea was true and judgment was entered for the defendant.

The only question to be determined is whether or not the plaintiff, having become the wife of the servant who was responsible for the injury, can maintain the action against the employer. First, we must say whether or not the wife can maintain an action in tort against the husband. The common law in this regard has not been changed by statute in this state. At common law neither a husband nor wife can sue the other. Weeks, etc. Co. vs. Elliott, 93 Me. 286, 45 Atl. 29, 74 A. S. R. 348; Heacock vs. Heacock, 108 Ia. 540, 79 N. W. 353, 75 A. S. R. 273; Dougherty vs. Snyder, 15 Serg. & R. (Pa.) 84, 16 Am. Dec. 520; Heckman vs. Heckman, 215 Pa. St. 203, 64 Atl. 425, 113 A. S. R. 953; Dority vs. Dority, 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941; Alexander vs. Alexander, 85 Va. 353, 7 S. E. 335, 1 L. R. A. 125; Bennett vs. Bennett, 37 W. Va. 396, 16 S. E. 638, 38 A. S. R. 47; Thompson v. Thompson, 218 U. S. 611, 54 L. Ed. 1180, 30 L. R. A. N. S. 1153.

In 30 C. J. 714, the author says:

"Owing to the common law doctrine of identity of husband and wife, neither can, in the absence of

statute, maintain an action in tort against the other. This rule applies to injuries both to person and to property."

Authorities there cited substantially uphold this doctrine.

In Spector vs. Weisman, 40 Fed. 792 (2nd series) the Court of Appeals of the District of Columbia said:

The sole question raised by the appeal is whether in this jurisdiction a married woman may maintain an action against her husband for a tort committed by him upon her person before coverture, where the action is begun but not brought to judgment before the marriage of the parties.

We agree with the ruling of the lower court that such an action cannot be maintained under our law.

(2) Under the common law, husband and wife were regarded as one person, and neither could maintain an action against the other during coverture for a tortious injury inflicted by one upon the person of the other. 'At common law no cause of action arose in favor of either husband or wife by reason of any injury to the person or character of one committed by the other, for instance, libel or slander. This doctrine of non-liability is founded not on the inability of the one spouse to sue the other, but on the principle that husband and wife are one person in law, and it is well exemplified in the cases which hold that a wife after an absolute divorce from her husband, though she is then fully capable of sueing him, still can maintain no action against him for a tort or wrong committed by him during the marriage relation against her person or character.' 13 R. C. L. 1394. This rule applied where the injury was committed and the action was begun before the marriage of the parties. 'And if she marries him after the institution of her action against him for a tortious injury to her person, the action must be dismissed.' 30 C. J. 955."

There appears to be no question but that the enunciations above quoted are correct. The rule may be changed by statute, Kalzenberg vs. Kalzenberg, a late Arkansas case reported in 37 (2nd Series) S. W. 696.

This being true, the next question is, ''What effect did the marriage have upon the liability of the employer?'' The employer's liability arises entirely because of the wrongful or negligent act of the servant, and it follows unquestionably, that if the servant is not liable for negligent act then the employer cannot be held liable for such act of the servant. The liability of the employer arising because of the negligence of his servant when acting in the capacity of such servant must be based upon the doctrine of respondeat superior and, as above stated, unless the servant is liable there can be no liability upon the part of the employer. See Arnette vs. Railroad Co., 188 Iowa 540, 176 N. W. 322; Hobbs vs. Railroad Co., 171 Iowa 624, 152 N. W. 40; Maine vs. James Maine & Sons Co., 198 Iowa 1278, 201 N. W. 20; Bradley vs. Rosenthal, 154 Cal. 420, 97 Pac. 875.

Plaintiff in Error has cited Fla. Citrus Exchange vs. Grisham, 65 Fla. 46, 61 Sou. 123, and Thrasher vs. McElvoy, et al., 90 Fla. 435, 106 Sou. 79, in support of the contention that the action may be maintained by the wife. These cases are not in point. The Thrasher case was a suit in replevin by the wife against a third person to recover an automobile which had been taken by her husband and sold by him without her consent after a separation of the husband and wife. Replevin is a suit to test the right of possession of property, and it is immaterial whether the possession of the defendant was lawfully or unlawfully acquired. The Grisham case involves the enforcement of a contract made by the husband concerning the sale and delivery of the wife's separate property and in that case the court held that the wife may at her pleasure terminate the control over her separate property conferred by statute upon the husband.

For the reasons stated, I think the judgment should be affirmed.

TERRELL, J., concurs.