Ulmer Hawkins v. Fanida Baker Hawkins.

177 So. 274.

Division A.

Opinion Filed November 24, 1937.

*Fielding & Duncan,* for Appellant;
*Baxter & Clayton* and *Davis & Davis,* for Appellee.

Buford, J.—The appeal brings for review an order of the Circuit Judge denying Ulmer Hawkins time to investigate the matter of Fanida Baker Hawkins' application under the provisions of Section 3218 R. G. S., 5024 C. G. L., to 3222 R. G. S., 5028 C. G. L., in regard to removal of disabilities of married women. It also brings for review the final decree of the 3rd day of February, 1937, whereby Fanida Baker Hawkins was granted a license to take charge of and manage her own estate and property and to become a free dealer, to contract and be contracted with, to sue and

be sued and to bind herself in all respects as if she were unmarried, and also decree of February 17th, 1937, denying rehearing.

The record shows that on the 28th day of December, 1936, Fanida Baker Hawkins, subsequent to publication of intent to do so, filed proof of publication of notice of intention to apply for license as a free dealer and filed her petition to become a free dealer under the provisions of sections of the Statutes of Florida above referred to. On December 28th Circuit Judge Hon. H. L. Sebring referred the matter to John A. H. Murphree as Special Master to take and report the testimony and make inquiry as to the capacity, competency and qualification of the said Fanida Baker Hawkins to take charge of and manage her own estate and property and to become a free dealer.

On February 1, 1937, the Master made his report and in connection therewith said:

"I have considered the testimony of the witnesses, including the testimony of Petitioner, and have had occasion to observe said Petitioner. I am of the opinion that the Petitioner has made such showing as to her capacity, competency and qualifications, as will entitle her to a decree of this Court authorizing her to take charge of and manage her own estate and property and to become a free dealer in every respect."

On the 1st day of February, 1937, Ulmer Hawkins filed petition for reasonable time to investigate. He alleged that he was the husband of Fanida Baker Hawkins. The petition was denied in the following language:

"This cause coming on to be heard upon petition of Ulmer Hawkins, by his attorneys, Fielding & Duncan, for the entry of an order granting him a reasonable time in which to investigate the petition of Fanida Baker Hawkins to become

a free dealer; and it appearing to the Court that notice of intention to apply for license as a free dealer was duly published November 23, November 30, December 7, December 14 and December 21, 1936, and that proof of publication thereof has been duly filed before this Court, both the proof of publication and petition being filed December 28, 1936, and that an order of reference was made on December 28, 1936, to John A. H. Murphree, as Special Master, and that objections to a petition for intervention and objections were filed by Baxter & Clayton, as attorneys for Fanida Baker Hawkins, on January 21, 1937, but that the said petition for intervention and objections of Ulmer Hawkins was never filed in the case files in this cause; and the Court having inquired of Fred D. Bryant, then attorney for Ulmer Hawkins, and John A. H. Murphree, as Special Master in this cause, and the said attorney and Special Master, as officers of this Court, having personally appeared before the Court and reported that on Saturday morning, January 30, 1937, the said Fred D. Bryant, as attorney for Ulmer Hawkins, did notify the said Special Master, John A. H. Murphree, that no objections would be made to the free dealer petition of the said Fanida Baker Hawkins; whereupon, and thereafter, the testimony in behalf of the petitioner was taken and the said testimony having been duly transcribed, and the Report of the Special Master having been made to this Court; and it appearing that it is the opinion of the said Special Master, John A. H. Murphree, that the said petition is granted; and it further appearing that the said Ulmer Hawkins was duly represented in the said cause and that his objections were abandoned; and further, that he has had due and reasonable notice of said proceedings; and the Court being otherwise duly advised in the premises after

argument of counsel; and being advised of its judgment in the premises, it is, therefore,

"CONSIDERED, ORDERED AND DECREED that the said petition for reasonable time to investigate filed herein by Ulmer Hawkins and his attorneys, Fielding & Duncan, be and the same is hereby denied."

On February 1, 1937, the Court entered Order granting a license to Fanida Baker Hawkins to take charge of, control her property and become a free dealer in every respect.

On February 17th, as hereinbefore stated, petition was filed for a rehearing, and was denied the same day.

The proceedings for removal of disabilities of a married woman are strictly statutory. If it were not for the fact that the statute provides that the proceedings should be instituted by petition in *Chancery* to the Judge of the Circuit Court for the Circuit in which the married woman resides, it is at least doubtful that the matter could be reviewed here on appeal because no provision is made for review on appeal and, therefore, were it not for the provision of the statute above referred to, it might be that review could be had only on certiorari and then only at the instance of someone whose rights may be affected by the proceedings.

So the question arises, whether or not the husband of a married woman has such right in her property as to entitle him to intervene in a proceeding where she seeks to be licensed as a free dealer. In Florida Citrus Exchange, a corporation, v. Grisham, 65 Fla. 46, 61 Sou. 213, we said:

"Under the Act of March 6, 1845, brought forward in the General Statutes as Section 2589, 'The property of the wife shall remain in care and management of the husband, but he shall not charge for his care and management, nor shall the wife be entitled to sue her husband for the rent, hire, issues, proceeds or profits of her said property' the

contention of the plaintiff in error might be sound were it not for the provision of the Constitution of 1885, Art. XI, Section 1, declaring that 'all property, real and personal, of a wife, owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest; descent or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent, given by some instrument in writing, executed according to the law respecting conveyances by married women.'

"The Constitution has thus vested her with the '*property*' in her separate estate instead of the mere *title* thereto, which only she enjoyed prior to the Constitution of 1868, of which our present Constitution is an amendment. May the Legislature against the will of the wife say to her that the husband shall have absolute dominion over her 'property'? To so hold, it seems to us, would cut down the larger word property to the narrow word title, and say to the makers of the Constitution, you were ignorant of the meanings of the two words; the change you made was a thoughtless one, and we shall again enthrall the wife, however skillful and competent she may be in matters financial, under the yoke of the husband, however incompetent in such matters, or controlled by his appetite for strong drink, or gambling or other dissipations.

"The limit the Legislature can go in this direction is to make the husband the agent of the wife as to her separate property, confirmed in her by the organic law, only so long as it may be mutually agreeable, the husband serving without compensation; but· the Legislature may not interfere with her dominion over that property, created and fixed in her by the higher law, to the extent of placing it irrevocably in the control of her husband."

So, it has been long settled that the husband's control

over the wife's property ceases when it is no longer agreeable to her for him to control the property. This was also held in LeNoir v. McDaniel, 80 Fla. 500, 86 Sou. 438, and in Croft v. American Chemical Co., 81 Fla. 55, 87 Sou. 41, and in Webster v. Snyder, 103 Fla. 1131, 138 Sou. 755.

It may be that a case would arise in which the husband would be allowed to intervene, although there is no provision in the statute for intervention in such proceedings as the one now under consideration, such, for instance, as a showing that the wife is *non compos mentis*, or insane, or is without capacity to manage her own affairs. But in this case those conditions are not shown to exist. There is no showing made that the married woman here involved is not entirely capable of controlling, managing and dealing with her separate property of which she has become possessed of a considerable quantity.

No abuse of discretion is shown to have been indulged by the Circuit Judge in the making of any of the orders complained of. Therefore, the same will be affirmed, although we might, with propriety, dismiss the appeal upon the ground that the same is not presented by one having either a right to intervene in the court below or to have the decree of that court reviewed here.

Affirmed.

Ellis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown, J., concur in the opinion and judgment.

Chapman, J., disqualified.