WILLIAM R. KENAN, JR., and SCOTT M. LOFTIN, as Receivers of the Florida East Coast Railway, v. STELLA B. WITHERS, *et al.,*

188 So. 95
Opinion Filed April 14, 1939
Rehearing Denied May 5, 1939

*Robert H. Anderson* and *Loftin, Stokes & Calkins,* for Plaintiffs in Error;

*Hawthorne & Moorehead,* for Defendants in Error.

TERRELL, C. J.—Mrs. Stella B. Withers was seriously injured in a collision between the automobile which she was driving and a north bound passenger train of the Florida East Coast Railway. The collision occurred in November, 1936, near Twentieth Street where North Miami Avenue crosses the tracks and right of way of said railway in the City of Miami.

This action was brought by Stella B. Withers and her husband against the receivers of the Florida East Coast Railway to recover damages for injuries to Mrs. Withers and for the loss of consortium and medical expenses incurred by Mr. Withers. The trial resulted first in a verdict

of $8,400.00 for Mr. Withers and nothing for Mrs. Withers. The jury was then returned to the jury room with instruction from the Court and rendered a second verdict of one dollar for the wife and $8,400.00 for the husband.

Defendants moved for judgment on the verdicts in their favor on the theory that they amounted to a finding that defendants were not legally responsible for Mrs. Withers' injury. Plaintiffs moved to strike the said motion of defendants. Both motions were denied and final judgment was entered for the husband and the wife on the verdict last returned. The instant writ of error was prosecuted to the final judgment.

Plaintiffs in error did not move for a new trial nor did they attack the final judgment by motion in arrest or by other dilatory pleas. The sufficiency of the evidence or the pleadings is for this reason not assailed. They contend that Mrs. Withers was solely responsible for the accident that caused her injuries, that in the first returning no verdict in her favor, the jury so found and that since they found that she was not entitled to recover, it necessarily follows that her husband cannot recover because his right derives from hers. Williams v. Hines, 80 Fla. 690, 86 So. 695; Webster v. Snyder, 103 Fla. 1131, 138 So. 755; Hubbard v. Town of Mason City, 64 Iowa 245, 20 N. W. 172; Jackson v. Boston Elevated Railway Co., 217 Mass. 515, 105 N. E. 379; Maxson v. Tomek, 280 N. Y. Sup. 319, 244 App. Div. 604; and Folley v. U. B. & L. Ass'n of Hackensack, 13 N. J. Misc. 293, 187 Atl. 95, are relied on to support this contention.

These cases have to do with the master and servant relation and hold that the master cannot be held in damages for the commision of a tort for which the servant has been exonerated. This is not a master and servant relation and the factual situation is not such as to be ruled by these cases. The factual background in the case at bar is not only

different from that in the cases relied on but there are other factors that enter into this case and distinguish it from the cases relied on.

It is admitted that Mrs. Withers was seriously injured. The evidence also shows that the crossing where the collision took place is in a thickly populated part of the City, that it is heavily traveled crossing, that North Miami Avenue makes a very acute angle (13½ degrees) with the Florida East Coast Railway at said crossing, that the railroad right of way at that point is only forty-six feet wide and traversed by three tracks, but on account of the acuteness of the angle where the avenue and the railroad cross, the avenue traverses the right of way of the railroad for two hundred feet, that the crossing was guarded by gates which were lowered when trains were approaching, that Mrs. Withers passed inside the first gate and stopped to speak with someone, that as she started to advance, the gate in front of her was lowered requiring her to stop and retreat but that she was within six feet of having cleared the railroad track when she was struck and would have cleared it had the train not been exceeding its allowable speed under the city ordinance.

We have not attempted to recite the full factual situation. The evidence as to that recited and omitted is in conflict in some respects but the conflicts were resolved against the plaintiffs in error. There is evidence from which the jury might have readily concluded that both Mrs. Withers and the Railroad Company were negligent but that notwithstanding Mrs. Withers' negligence, if the gate had not closed in front of her, she would have escaped the injury. It is further contended that since she was within six feet of the clear, if the locomotive had been running at the allowable speed, she would have escaped.

These two factual elements considered with the Com-

parative Negligence Statute (Section 7052, Compiled General Laws of 1927) and the doctrine of the last clear chance constitute the primary basis for the judgment in this case. It cannot be justified on any other theory. Under the doctrine of the last clear chance, even if Mrs. Withers was negligent and the railroad company could have avoided the collision by letting her through the gate or by running at an allowable speed, it was their duty to do so. The evidence on these points was concluded against defendants and since it was approved by the trial court, we do not feel warranted in reversing it.

Having reached this conclusion in view of the seriousness of the injury and the size of the verdict, we may assume that the comparative negligence statute was invoked as there was ample warrant for doing so and the judgment could not be otherwise justified because negligence is shown on the part of both Mrs. Withers and the railway company.

The judgment is therfore affirmed.

Affirmed.

BUFORD, and THOMAS, J. J., concur

CHAPMAN, J., concur in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the rules of this court.