121 So.2d 805 (1960)
Jeanne Burkette AMENDOLA, Appellant,
v.
Thomas M. AMENDOLA, Appellee.
No. 1790.
District Court of Appeal of Florida. Second District.
July 1, 1960.
Rehearing Denied July 22, 1960.
*806 J.B. Patterson, Ronald B. Sladon and Richard T. Shankweiler, Fort Lauderdale, for appellant.
Reece & Murray, Miami, for appellee.
BARNS, PAUL D., Associate Judge.
Jeanne Burkette Amendola, the appellant-plaintiff, filed her Complaint on June 17, 1958, against Thomas M. Amendola, the defendant, in the Circuit Court. The Complaint was brought by the plaintiff for injuries sustained by her due to the defendant's negligence on March 16, 1957. The parties are husband and wife; they were married to each other on June 8, 1957. Therefore, it affirmatively appears that this suit was commenced by the wife against the husband after their marriage for personal injuries occurring prior to their marriage due to the defendant's negligence.
To the Amended Complaint, the defendant made his Motion For Summary Judgment with an accompanying Affidavit attached setting forth the fact of the parties' marriage each to the other. This fact is not disputed. Based on the Motion For Summary Judgment with the Affidavit attached thereto, the Court below granted the defendant's Motion For Summary Judgment, adjudging that the plaintiff take nothing by her suit, and that the defendant go hence without day.
From this final judgment the plaintiff perfected this appeal. Plaintiff's single assignment of error is that the court erred in entering its summary final judgment against the plaintiff. We find the assignment not well founded and affirm.
Appellant in support of her assignment of error argues that the dismissal of her action deprives her of her constitutional right to sue her husband for a personal injury due to the husband's negligence which injury occurred before marriage. Her position is that before marriage she had a right of action and marriage to the tortfeasor did not deprive her of the right to sue her husband for the prenuptial tort. The cause of action was not cancelled or purged by the marriage but the right of action i.e. the right to sue her husband on this cause was abated or suspended by the marriage. The wife was without capacity to sue her husband for personal injury because he is her husband. Webster v. Snyder, 103 Fla. 1131, 138 So. 755; Corren v. Corren, Fla., 47 So.2d 774, 43 A.L.R.2d 632.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.