PER CURIAM.
Anna Jensch applied by petition in Chancery to the Judge of the Circuit Court of Sarasota County, in which she resided, for a license to become a free dealer. Her husband, Frank A. Jensch, filed a motion to dismiss by reason of the court lacking jurisdiction over what he states to be “the defendant’s person”, meaning, the husband of the applicant. After a hearing, the chancellor denied the motion, but granted the husband additional time to further plead, and the husband instead took this-Interlocutory Appeal from said order.
The petition does not contain the sworn statement that “diligent search and inquiry have been made to discover the residence of her husband, and that the same is set forth in her sworn statement as particularly as is known to her [and is] * * * in some state or country other than this state, stating said residence if known”, as required by Section 62.42, *286 Florida Statutes, F.S.A. The petition did contain the sworn statement: “That she and her husband are living separate and apart, his address being Parma Home Bakery, 5445 Reig Road, Parma 29, Ohio”. The written consent of the husband was not filed with the petition, nor was there proof of personal service of a true copy of the petition on the husband, but there was proof of publication of notice as required by the above statute.
The motion to dismiss and appellant’s assignments of error contain many grounds, and we have considered all of them. They are all to the effect that appellant urges that this omission in the petition is a fatal jurisdictional defect and that, therefore, the court never acquired jurisdiction of the person of the husband who he designates as the defendant in the cause. The appellant cites to this court the well-established principles of law with respect to constructive service of process and the difference between alleging a person’s residence and alleging a person’s address as is set forth in Wilmott v. Wilmott, Fla.App.1960, 119 So.2d 54, as authority for his position.
The Free Dealer Law of 1943, Sections 62.39 through 62.46, Florida Statutes, F.S. A., establishes a procedure for removal of some of the common law disabilities of coverture of a married woman. Ripley v. Ewell, Fla. 1952, 61 So.2d 420, contains a splendid discussion of the general principles of the common law on the subject of the disabilities of coverture in which the court held that the courts will liberally construe the statutes relieving the disabilities of coverture.
The question to be determined by this court is whether or not the provisions of Section 62.42, Florida Statutes, F.S.A., are jurisdictional, or, are they mandatory procedure, or, are they merely directory procedure. The question has not heretofore been decided by the courts of this state.
A husband has no present title or interest, legally or equitable, in his wife’s separate property. Gentry-Futch Co. v. Gentry, 1925, 90 Fla. 595, 106 So. 473. The Constitution and Statutes of Florida have abolished the husband’s common law estate jure uxoris in the property of his wife. Ocklawaha River Farms Co. v. Young, 1917, 73 Fla. 159, 74 So. 644, L.R.A.1917F, 337. The provisions of Section 708.03, Florida Statutes, F.S.A., pertaining to custody and management of the wife’s property by the husband, has been held to mean that the custody and management remains only until there is some positive indication on the part of the wife to the contrary. Flash Bonded Storage Co. v. Ades, 1943, 152 Fla. 482, 12 So.2d 164. A husband may be charged with larceny of his wife’s separate property. State v. Herndon, 1946, 158 Fla. 115, 27 So.2d 833.
The Supreme Court held in Hawkins v. Hawkins, 1937, 130 Fla. 130, 177 So. 274, 275:
“The proceedings for removal of disabilities of a married woman are strictly statutory. If it were not for the fact that the statute provides that the proceedings should be instituted by petition in chancery to the judge of the .circuit court for the circuit in which the married woman resides, it is at least doubtful that the matter could be reviewed here on appeal because no provision is made for review on appeal and, therefore, were it not for the provision of the statute above referred to, it might be that review could be had only on certiorari and then only at the instance of some one whose rights may be affected by the proceedings.”
In that case, the court was dealing with an application to become a free dealer under the provisions of a prior statute, and we are here dealing with the Free Dealer Law of 1943. However, neither Act has any provisions for intervention by the husband, so the principles laid down in the Hawkins case are applicable here and, as was stated there:
*287 “It may be that a case could arise in which the husband would be allowed to intervene, although there is no provision in the statute for intervention in such proceedings as the one now under consideration, such, for instance, as a showing that the wife is non compos mentis or insane, or is without capacity to manage her own affairs.
* * * * * *
“No abuse of discretion is shown * * *. Therefore, the same will be affirmed, although we might, with propriety, dismiss the appeal upon the ground that the same is not presented by one having either a right to intervene in the court below or to have the decree of that court reviewed here.”
Following the reason and logic of the above authority, we determine that the provisions of the Free Dealer Law of 1943, with respect to the allegations required as a basis for publication of notice to the husband, are not jurisdictional; that the husband does not by statute become a defendant in such proceedings; that the husband has no property right being thereby adjudicated. The provisions not being jurisdictional, they are procedural. However, failure to strictly comply with the provisions of the statute may render the granting of said application reversible error if the legislative pronouncement on the subject be deemed mandatory as opposed to merely directory. The purpose of the statutes requiring the husband to join in the transfer of the land of the wife is primarily for the protective benefit of the wife and secondarily, for the welfare of the husband, since he is responsible for her care and support, by preventing the wife, without his consent, from depreciating the value of her separate property and preventing the wife from conveying when it would be detrimental to the welfare of their mutual marital interest. Omwake v. Omwake, Fla. 1954, 70 So.2d 565.
The fact that the Free Dealer Law of 1943 provides a procedure enabling a wife to remove the onus of the joinder requirement does not vitiate any of the reasons for which this requirement remains in our law. In addition, it should be noted that as originally enacted, the Free Dealer Law of 1943 did not require the specific allegations here in question and that the specific allegations were added by amendment thereto by Chapter 59-44, Laws of Florida. Under these circumstances, the provisions so added by this amendment are deemed mandatory and not merely directory.
For the reasons stated, the order appealed from is reversed with directions to dismiss the petition.
Reversed.
ALLEN, Acting C. J., and KANNER and SMITH, JJ., concur.