**Angela Dorothy GASTON, Appellant,**

v.

**John PITTMAN, Appellee.**

No. 26396.

United States Court of Appeals
Fifth Circuit.

Jan. 17, 1969.

W. H. F. Wiltshire of Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, Fla., for appellant.

W. Spencer Mitchem, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

The sole issue presented in this diversity case is whether under Florida law a divorced woman can maintain an action against her former husband for a tort committed by him prior to their marriage. We have concluded that this issue is one which should be certified to the Supreme Court of Florida under Florida's certification procedure.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO § 25.031, FLORIDA STATUTES 1959, AND RULE 4.61, FLORIDA APPELLATE RULES

To the Supreme Court of Florida and the Honorable Justices thereof;

It appears to the United States Court of Appeals for the Fifth Circuit that the case described herein involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the Supreme Court of Florida. Accordingly, this Court hereby certifies the following question of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited herein, pursuant to § 25.031, Florida Statutes 1959, F.S.A.,

and Rule 4.61, Florida Appellate Rules, 32 F.S.A., as follows:

(1) Style of the Case.

The style of the case in which this certificate is made is Angela Dorothy Gaston, appellant, versus John Pittman, appellee, case No. 26396, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Northern District of Florida.

(2) Statement of the Case.

This is an action seeking to recover damages for the death of plaintiff-appellant's minor child, born during a prior marriage, allegedly caused by the negligence of the defendant-appellee on March 4, 1965. Thereafter, plaintiff and the defendant were married. They were divorced on January 18, 1966, and plaintiff subsequently initiated this suit. The United States District Court held that the wife's action had been extinguished upon her marriage to the defendant by virtue of the common law theory of the unity of husband and wife, as recognized and applied by Florida courts, Bencomo v. Bencomo, Fla.1967, 200 So.2d 171. Accordingly, the Court entered a summary final judgment in favor of the defendant and dismissed the complaint.

Plaintiff, citing Amendola v. Amendola, Fla.App.1960, 121 So.2d 805 as authority for her position, argues that her "cause of action," the substantive right, was vested and therefore unaffected by her marriage to the defendant, and further, that her "right of action," the procedural right, though barred during coverture, was only "abated or suspended," and therefore revived by the divorce. The district judge concluded, however, that statements in Florida decisions, notably Webster v. Snyder, 1932, 103 Fla. 1131, 138 So. 755 and Amendola v. Amendola, supra, to the effect that the wife's "right of action" was "abated or suspended" during the marriage meant that the wife's action was extinguished or terminated by the marriage. Accordingly, even if the "cause of action" were vested, the wife's suit would be permanently barred. Although both parties insist that Florida law is clear in their favor, there are no Florida decisions directly dispositive of this controversy.

(3) Question of Law to be Answered.

Whether under Florida law a divorced woman can maintain an action against her former husband for a tort committed by him prior to their marriage.[1]

The entire record in this case, together with copies of the briefs of the parties in this Court, are transmitted herewith.

> HOMER THORNBERRY
> United States Circuit Judge
> Presiding

---

1. Following our usual practice the parties were requested to and did submit an agreed proposed question to be answered. We have changed the wording slightly but not the substance.