**A. R. MOYER, INC., Plaintiff-Appellant,**

v.

**John Hans GRAHAM and John Hans Graham and Associates, Defendants-Appellees.**

**No. 29887.**

United States Court of Appeals, Fifth Circuit.

May 20, 1971.

Robert J. Paterno, Taylor, Brion, Buker, Hames, Greene & Whitworth, Miami, Fla., for plaintiff-appellant.

Knight, Underwood, Peters, Hoeveler & Pickle, William M. Hoeveler, Miami, Fla., for defendants-appellees.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

In this diversity case the issue presented is the liability vel non, under the law of Florida, of a supervising Architect or Engineer, or both of them, for economic damages to the general contractor alleged to have been caused by their individual or joint negligence during construction under the facts and circumstances presented. It is our opinion that the issue should be certified to the Supreme Court of Florida under the certification proceeding authorized by Florida law.[1]

---

1. The parties have approved this procedure and have consented to the stipulated statement and questions presented. See Gaston v. Pittman, 405 F.2d 869 (5th Cir. 1969) and Hopkins v. Lockheed Aircraft Corporation, 358 F.2d 347 (5th Cir. 1966).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES 1959 AND RULE 4.61, FLORIDA APPELLATE RULES

To the Supreme Court of Florida and the Honorable Justices thereof:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves questions or propositions of law of the State of Florida which are determinative of the cause, and there appear to be no clear, direct, or controlling precedents in the decisions of the Supreme Court of Florida. This Court hereby certifies the following questions of law to the Supreme Court of Florida for instructions concerning such questions of law, based on the facts recited herein pursuant to Section 25.031, Florida Statutes 1959, F.S.A., and Rule 4.61, Florida Appellate Rules, 32 F.S.A., as follows:

(1) Style of the Case.

The style of the case in which this Certificate is made is A. R. Moyer, Inc., appellant, versus John Hans Graham and John Hans Graham and Associates, appellees, Case No. 29887, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Southern District of Florida.

(2) Statement of the Case.

Plaintiff, General Contractor for the construction of an apartment building known as the Four Freedoms House of Miami Beach, Florida, Inc., brought suit against the Defendants, John Hans Graham and John Hans Graham and Associates, Architects and Engineers, respectively, for the apartment building project. The original Complaint was dismissed by the lower court and Plaintiff filed an Amended Complaint. Thereafter, upon Defendants' motion, the lower court dismissed the Amended Complaint with Prejudice for failure to state a cause of action by order of March 27, 1970. Plaintiff prosecuted its appeal from that order. Count I of the Amended Complaint sought damages proximately caused by Defendants' (a) negligence in preparation of the plans and specifications, (b) improper supervision and delay in preparing corrective plans and specifications, (c) negligently supervising and controlling the activities of the general contractor in the construction of the building, and (d) negligence in failing and refusing to provide Plaintiff with final acceptance of the building project in the form of an Architect Certificate upon completion of the project. Count II of the Amended Complaint alleged that Plaintiff was a third-party beneficiary to the contract between the owner of the apartment building and the Defendants, as Architect and Engineer for the project.

(3) Statement of Alleged Facts.

Prior to October 18, 1962, the owner, Four Freedoms House of Miami Beach, Florida, Inc., entered into a contract with Defendants herein, who were to perform Architectural and Engineering Services for the erection of an apartment building project known as the Four Freedoms House. Pursuant to this contract, the Defendants were to prepare plans and specifications for the building project and were to exercise control and supervision over the general contractor in carrying out the construction of the building project. (The Amended Complaint alleges that the Plaintiff is not in possession of the contract between the owner and the Defendants Architect and Engineer).

On October 18, 1962, the owner, Four Freedoms House of Miami Beach, Florida, Inc., entered into a contract with Plaintiff, as general contractor, to complete the apartment building project in accordance with the plans, specifications, control and supervision of the Defendants, as Architects and Engineers. The Amended Complaint alleges that De-

fendants were negligent in preparing the plans and specifications for the building project, negligently delayed the preparation of corrective plans and specifications for the building project, and were negligent in preparing the corrected plans and specifications.

The Amended Complaint alleges inter alia that the Defendants, as Architects and Engineers, did undertake to exercise control and supervision over the general contractor, A. R. Moyer, Inc., in the performance of Plaintiff's duties in constructing the building project, and that the defendants, in exercising supervision and control over the general contractor, negligently issued contrary instructions to the Plaintiff and failed to revise and coordinate modified corrective plans and specifications after it was discovered by the Defendants that improper plans and specifications had been issued by them to the Plaintiff. The amended complaint further alleges that the Defendants wilfully and wrongfully failed and refused to provide to the Plaintiff final acceptance of the building project in the form of an Architect Certificate upon the completion of the building project in December of 1964.

(4) Questions of Law to be answered:

I. Under Florida Law, may a general contractor maintain a direct action against the supervising Architect or Engineer, or both, for the general contractor's damages proximately caused by the negligence of the Architect or Engineer, or both, for said building project, where there is an absence of direct privity of contract between the parties.

II. Would the answer to Question I be the same if any one or all of the following circumstances were present:

(a) The Architect or Engineer, or both, were negligent in the preparation of the plans and specifications.

(b) The Architect or Engineer, or both, negligently caused delays in preparation of corrected plans and specifications.

(c) The Architect or Engineer, or both, were negligent in preparing and supervising corrected plans and specifications.

(d) The Architect or Engineer, or both, were negligent in failing and refusing to provide the general contractor with final acceptance of the building project in the form of an Architect Certificate upon the completion of the building.

(e) The Architect or Engineer, or both, undertook to exercise control and supervision over the general contractor in the performance of his duties to construct the building project.

(f) The Architect or Engineer, or both, negligently exercised control and supervision over the general contractor.

III. Under the Florida law, may a general contractor enjoy the status of a creditor or donee beneficiary, or both, of a contract between the owner and the designing and supervising Architect or Engineer, or both, where the general contractor, under his contract with the owner, is obligated to construct the building project in accordance with the Architects-Engineers plans and specifications.

The entire record of this case, together with copies of the briefs of the parties in this Court, are transmitted herewith.

WALTER P. GEWIN

United States Circuit Judge
Presiding