372 So.2d 170 (1979)
Virginia WEST, Appellant,
v.
Richard B. WEST, Appellee.
No. 78-617.
District Court of Appeal of Florida, Second District.
June 13, 1979.
Richard H. Langley, Clermont, for appellant.
Arthur E. Roberts, Groveland, for appellee.
HOBSON, Acting Chief Judge.
Appellant Virginia West appeals from the dismissal of her complaint for damages against appellee Richard West. The complaint, filed January 16, 1978, alleged that the parties were married on June 25, 1976. On June 26, 1977, appellee, in a fit of anger, *171 intentionally caused permanent injury to appellant by throwing her violently to the floor. The marriage between the parties was dissolved January 3, 1978. Appellee moved to dismiss the complaint for failure to state a cause of action on the ground of interspousal immunity. The trial court granted the motion and dismissed the complaint without leave to amend.
Appellant ably argues for the abolition of the doctrine of interspousal immunity in Florida. She also suggests that if this court is unwilling to wholly abolish the doctrine, then it should at least hold the doctrine inapplicable to cases involving intentional torts. While we are sympathetic to appellant's point of view, we are bound by the majority opinion in Bencomo v. Bencomo, 200 So.2d 171 (Fla. 1967), which reaffirmed that the doctrine of interspousal immunity is the law of Florida. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). However, we think circumstances call for a re-examination of the issue by our supreme court.[1]
Dean Prosser notes that at least nineteen jurisdictions have completely abolished the concept of marital immunity and some sixteen more jurisdictions have made serious inroads by way of "exceptions" to the rule. Prosser on Torts, 4th Ed., pp. 863, 864. This trend follows the general realization that the common law unity theory is no longer viable in our society.[2]
Here in Florida our sister appellate court, while upholding the immunity doctrine, has revealed dissatisfaction with it. In a dissent to Doyle v. Doyle, 307 So.2d 862 (Fla. 4th DCA 1975), Judge Mager wrote:
The basic arguments for the abolition of the interspousal immunity doctrine, in certain instances, is extremely persuasive. It would seem that the potential liability of either spouse after the marriage is dissolved for tortious acts committed during the marriage might have a salutary, if not actual, effect of minimizing physical abuses occurring during the existence of the marital relationship.
307 So.2d at 864.
Moreover, Florida's courts, in an effort to bring the law into step with modern judicial views, have circumvented the immunity obstacle by the use of several legal theories.[3]Webster v. Snyder, 103 Fla. 1131, 138 So. 755 (1932), (plaintiff's marriage to the servant who caused her injuries abated her cause of action against the servant/spouse but did not abate her cause of action against the servant's employer on the theory of respondeat superior); May v. Palm Beach Chemical Company, 77 So.2d 468 (Fla. 1955), (wife can bring suit against negligent husband's employer); Gaston v. Pittman, 224 So.2d 326 (Fla. 1969), (a former wife can bring a cause of action against her former husband for a tort committed by him prior to marriage); Orefice v. Albert, 237 So.2d 142 (Fla. 1970), (mother of deceased minor, as administratrix, can bring suit against the non-negligent co-owner of an airplane under "dangerous instrumentality" theory where the minor's death resulted from the negligence of his father, a co-owner of the airplane); Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA 1977), (a joint tortfeasor may seek contribution from the wife of the injured plaintiff).
Interspousal immunity was also held inapplicable where the wife's surviving children brought suit under the Wrongful Death Act against the estate of their step-father who had killed the wife and then *172 himself. Shiver v. Sessions, 80 So.2d 905 (Fla. 1955). In Shiver, Justice Roberts cited with approval May v. Palm Beach Chemical Company, supra, in which that court quoted Schubert v. August Schubert Wagon Company, 249 N.Y. 253, 164 N.E. 42, 43 as follows:
A trespass, negligent or wilful, upon the person of a wife, does not cease to be an unlawful act, though the las exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity.
The cases we have set out illustrate the efforts of courts everywhere to allow plaintiffs remedies which would otherwise be denied them because of marital immunity. Although these cases discuss the broad issue of marital immunity, the facts of this case lend themselves to a narrower question. Thus, we affirm the trial court in its dismissal of appellant's suit, but we certify the following question to the Supreme Court of Florida for consideration:
WHETHER A FORMER SPOUSE CAN MAINTAIN AN ACTION IN TORT AGAINST THE OTHER SPOUSE FOR AN INTENTIONAL TORT ALLEGEDLY COMMITTED DURING MARRIAGE WHERE SUCH MARRIAGE HAS SINCE BEEN DISSOLVED BY DIVORCE.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] We note the possible argument that, in view of the changes in the 1968 Florida Constitution, the Bencomo decision filed in 1967 might not be controlling on this point.
[2] All 50 states have enacted statutes similar to Sections 708.08 and 708.09, Florida Statutes (1977), the Married Women's Act, which extend to the wife the right to sue her husband for breaches of contract and other causes of action arising from her property. The courts of at least 16 jurisdictions have further held that the Married Women's Acts abrogate the unity theory. 43 A.L.R.2d 647 (1955); A.L.R.2d Later Case Summary.
[3] Dean Prosser recognized these efforts and stated, "Any such precarious structure, subject to this type of long-continued critical hammering, is likely sooner or later to develop cracks... . It is difficult not to regard these decisions as bites at the cherry, which will ultimately succeed in nibbling it away." Prosser on Torts, 4th Ed. pp. 863, 864.