PER CURIAM.
While in the process of dissolving their marriage of fourteen years, Cassandra and Jeff Newby, as joint obligors, were sued on a past due promissory note by Elizabeth Robertson, Cassandra’s mother. In response to Robertson’s complaint, Jeff, ap-pellee herein, filed an answer and cross-claim against Cassandra, requesting contribution, restitution, subrogation, and establishment and enforcement of an equitable lien on certain real property. Appellant filed a counterclaim for damages against Jeff, alleging that he had willfully and-physically abused her on several occasions. Appellee thereafter successfully moved to dismiss the counterclaim on the basis of interspousal immunity. Appeal is taken from a final order dismissing the counterclaim with prejudice.
Although a majority of jurisdictions[1] have modified or abolished the doctrine of interspousal immunity, we are nonetheless bound by Florida law upholding the doctrine. Bencomo v. Bencomo, 200 So.2d 171 (Fla.), cert. denied, 389 U.S. 970, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967). This identical issue is currently pending before the Florida Supreme Court on a certified question. See West v. West, 372 So.2d 170 (Fla. 2d DCA 1979). Accordingly, we affirm the dismissal below, and certify the following question to the Supreme Court of Florida as one of great public interest:
WHETHER A PERSON INJURED BY THE INTENTIONAL ACT OF ANOTHER PERSON IS PRECLUDED FROM ASSERTING LIABILITY AGAINST THE TORTFEASOR IN A CIVIL SUIT SOLELY BECAUSE THE TORTIOUS CONDUCT OCCURRED WHILE THEY WERE MARRIED TO EACH OTHER.

. See MacDonald v. MacDonald, 412 A.2d 71, 73 (Me.1980), fn.3.